IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

POWER HOME SOLAR, LLC

Case No: 22-50228

Chapter 7

Debtor.

### MOTION BY ACAR LEASING LTD TO REQUIRE DEBTOR TO ASSUME OR REJECT UNEXPIRED LEASES UNDER 11 U.S.C. § 365 and TO COMPLY WITH THE REQUIREMENTS OF 11 U.S.C. §365(d)(5)

**NOW COMES** the Movant ACAR Leasing Ltd (hereinafter "Movant"), a creditor and party in interest in the above-referenced matter, and pursuant to Rules 9014 and 4001 of the Rules of Bankruptcy Procedure and 11 U.S.C. §§ 365(d)(2) and 362(d), moves this Court to enter an Order requiring Power Home Solar, LLC (hereinafter "Debtor") to assume or reject the unexpired lease agreements between the Debtor and the Movant, to compel the Debtor to comply with the terms of 11 U.S.C. § 365(d)(5), and for relief from the automatic stay provisions of 11 U.S.C. § 362(a) as to that personal property should the Debtor reject the lease agreements.

In support of this Motion, Movant states as follows:

1. The Debtor sought and obtained relief from this Court under Chapter 7 of the United States Bankruptcy Code by a voluntary petition filed on October 7, 2022.

### JULY 19, 2021 CLOSED END MOTOR VEHICLE LEASES

2. On or about July 19, 2021, the Debtor entered into twenty-five (25) Closed End Motor Vehicle Leases (hereinafter the "July Leases") with Rick Hendrick City Chevrolet for the lease of the following Chevrolet Bolt EV automobiles:

| Exhibit No. | VIN Number | Year | Make | Model |
|---|---|---|---|---|
| A-1 | 1G1FZ6S07L4148460 | 2020 | Chevrolet | Bolt EV |
| A-2 | 1G1FX6S09L4145601 | 2020 | Chevrolet | Bolt EV |
| A-3 | 1G1FW6S00L4145585 | 2020 | Chevrolet | Bolt EV |
| A-4 | 1G1FW6S09L4145052 | 2020 | Chevrolet | Bolt EV |
| A-5 | 1G1FY6S08M4113401 | 2020 | Chevrolet | Bolt EV |
| A-6 | 1G1FX6S09L4145565 | 2020 | Chevrolet | Bolt EV |
| A-7 | 1G1FY6S04L4129187 | 2020 | Chevrolet | Bolt EV |
| A-8 | 1G1FW6S05L4149941 | 2020 | Chevrolet | Bolt EV |
| A-9 | 1G1FY6S01L4137358 | 2020 | Chevrolet | Bolt EV |
| A-10 | 1G1FY6S08L4137454 | 2020 | Chevrolet | Bolt EV |
| A-11 | 1G1FY6S03L4146501 | 2020 | Chevrolet | Bolt EV |
| A-12 | 1G1FZ6S07L4149608 | 2020 | Chevrolet | Bolt EV |
| A-13 | 1G1FY6S01L4149865 | 2020 | Chevrolet | Bolt EV |
| A-14 | 1G1FZ6S0XL4149375 | 2020 | Chevrolet | Bolt EV |
| A-15 | 1G1FY6S06L4126551 | 2020 | Chevrolet | Bolt EV |
| A-16 | 1G1FY6S02M4113233 | 2020 | Chevrolet | Bolt EV |
| A-17 | 1G1FY6S08M4113771 | 2020 | Chevrolet | Bolt EV |
| A-18 | 1G1FY6S01M4110159 | 2020 | Chevrolet | Bolt EV |
| A-19 | 1G1FW6S04L4141099 | 2020 | Chevrolet | Bolt EV |
| A-20 | 1G1FY6S03L4146689 | 2020 | Chevrolet | Bolt EV |
| A-21 | 1G1FZ6S0XL4144810 | 2020 | Chevrolet | Bolt EV |
| A-22 | 1G1FY6S09L4146700 | 2020 | Chevrolet | Bolt EV |
| A-23 | 1G1FY6S08L4141035 | 2020 | Chevrolet | Bolt EV |
| A-24 | 1G1FY6S00L4146178 | 2020 | Chevrolet | Bolt EV |
| A-25 | 1G1FW6S05L4148594 | 2020 | Chevrolet | Bolt EV |

A true and accurate copy of each Lease, TRAC Addendum to Lease Agreement, and Certificate of Title is attached hereto as indicated and as **Exhibits A-1 through A-25,** all of which are incorporated herein by reference.

3. The July Leases each required the Debtor to make an initial payment due at signing and then thirty-six (36) monthly lease payments of $742.68/month beginning July 19, 2021. The July Leases are in default for the June – September payments for each lease. The arrearages for each July Lease is $2,945.72, as set forth more particularly in Exhibit C which is attached hereto and incorporated herein by reference.

4. Debtor defaulted on each of the July Leases prepetition by failing to make the

monthly payments required by the July Leases. Debtor remains in possession of the leased vehicles described in the July Leases.

5. As of the petition date, Debtor is presently indebted to Movant for past due lease payments in an aggregate amount of $73,545.86 for the July Leases. Additional amounts continue to accrue, including late charges, attorney's fees and other costs properly allocated to Debtor under the July Leases.

## AUGUST 26, 2021 CLOSED END MOTOR VEHICLE LEASES

6. On or about August 26, 2021, the Debtor entered into twenty-five (25) Closed End Motor Vehicle Leases (hereinafter the "August Leases") with Rick Hendrick City Chevrolet for the lease of the following Chevrolet TRAX and Chevrolet Equinox automobiles:

| Exhibit No. | VIN Number | Year | Make | Model |
|---|---|---|---|---|
| B-1 | 3GNCJLSB4LL326327 | 2020 | Chevrolet | Trax |
| B-2 | 3GNCJLSB9LL327375 | 2020 | Chevrolet | Trax |
| B-3 | 3GNCJLSB7LL327035 | 2020 | Chevrolet | Trax |
| B-4 | 3GNCJLSB5LL326627 | 2020 | Chevrolet | Trax |
| B-5 | 3GNAXHEV4LS734888 | 2020 | Chevrolet | Equinox |
| B-6 | KL7CJKSB6LB326458 | 2020 | Chevrolet | Trax |
| B-7 | KL7CJKSB2LB320558 | 2020 | Chevrolet | Trax |
| B-8 | 3GNAXKEVXLS735332 | 2020 | Chevrolet | Equinox |
| B-9 | 3GNAXUEV2LL278635 | 2020 | Chevrolet | Equinox |
| B-10 | 3GNAXJEV1LS716274 | 2020 | Chevrolet | Equinox |
| B-11 | 3GNAXJEV7LS711368 | 2020 | Chevrolet | Equinox |
| B-12 | 3GNAXJEV7LS675682 | 2020 | Chevrolet | Equinox |
| B-13 | 3GNAXJEV5LS711353 | 2020 | Chevrolet | Equinox |
| B-14 | 3GNCJRSB7LL283119 | 2020 | Chevrolet | Trax |
| B-15 | 3GNCJLSB1LL263719 | 2020 | Chevrolet | Trax |
| B-16 | 3GNCJLSBXLL326638 | 2020 | Chevrolet | Trax |
| B-17 | 3GNAXJEV7LS712147 | 2020 | Chevrolet | Equinox |
| B-18 | 3GNAXJEV9LS657894 | 2020 | Chevrolet | Equinox |
| B-19 | 3GNAXJEV3LS716275 | 2020 | Chevrolet | Equinox |
| B-20 | 3GNAXJEV8LS670393 | 2020 | Chevrolet | Equinox |
| B-21 | 3GNAXKEV9LS735337 | 2020 | Chevrolet | Equinox |

| | | | | | |
|---|---|---|---|---|---|
| B-22 | 3GNCJLSB3LL320289 | 2020 | Chevrolet | Trax | |
| B-23 | KL7CJPSBXLB317341 | 2020 | Chevrolet | Trax | |
| B-24 | 3GNCJLSB9LL301732 | 2020 | Chevrolet | Trax | |
| B-25 | 3GNCJLSB4LL309740 | 2020 | Chevrolet | Trax | |

A true and accurate copy of each Lease, TRAC Addendum to Lease Agreement, and Certificate of Title is attached hereto as indicated and as **Exhibits B-1 through B-25,** all of which are incorporated herein by reference.

7.  The August Leases each required Debtor to make an initial payment due at signing and then thirty-six (36) monthly lease payments beginning August 26, 2021. Each August Lease is in default for the June – September payments as follows and as set forth more particularly in Exhibit C:

| DPD | Past Due Amount | VIN | Year | Make | Model | Body Style |
|---|---|---|---|---|---|---|
| 109 | $2,690.28 | 3GNCJLSB4LL326327 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $2,690.28 | 3GNCJLSB9LL327375 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $2,690.28 | 3GNCJLSB7LL327035 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $2,690.28 | 3GNCJLSB5LL326627 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $3,049.28 | 3GNAXHEV4LS734888 | 2020 | Chevrolet | Equinox | 4DR FWD LS |
| 109 | $2,503.36 | KL7CJKSB6LB326458 | 2020 | Chevrolet | Trax | 4DR FWD LS |
| 109 | $2,503.36 | KL7CJKSB2LB320558 | 2020 | Chevrolet | Trax | 4DR FWD LS |
| 109 | $2,786.52 | 3GNAXKEVXLS735332 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $3,091.88 | 3GNAXUEV2LL278635 | 2020 | Chevrolet | Equinox | 4DR AWD |
| 109 | $3,091.88 | 3GNAXJEV1LS716274 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $3,091.88 | 3GNAXJEV7LS711368 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $3,091.88 | 3GNAXJEV7LS675682 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $3,091.88 | 3GNAXJEV5LS711353 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $2,904.48 | 3GNCJRSB7LL283119 | 2020 | Chevrolet | Trax | 4DR SUV AWD |
| 109 | $2,757.32 | 3GNCJLSB1LL263719 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $2,690.28 | 3GNCJLSBXLL326638 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $3,091.88 | 3GNAXJEV7LS712147 | 2020 | Chevrolet | Equinox | 4DR FWD |

| | | | | | | |
|---|---|---|---|---|---|---|
| 109 | $3,091.88 | 3GNAXJEV9LS657894 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $3,091.88 | 3GNAXJEV3LS716275 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $3,091.88 | 3GNAXJEV8LS670393 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $3,091.88 | 3GNAXKEV9LS735337 | 2020 | Chevrolet | Equinox | 4DR FWD |
| 109 | $2,802.96 | 3GNCJLSB3LL320289 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $2,904.48 | KL7CJPSBXLB317341 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $2,877.84 | 3GNCJLSB9LL301732 | 2020 | Chevrolet | Trax | 4DR FWD LT |
| 109 | $2,677.88 | 3GNCJLSB4LL309740 | 2020 | Chevrolet | Trax | 4DR FWD LT |

8. Debtor defaulted on each of the August Leases prepetition by failing to make the monthly payments as required by the Leases. Debtor remains in possession of the TRAX and Equinox vehicles described in the August Leases.

9. As of the petition date, Debtor was indebted to Movant for past due lease payments in an aggregate amount of $72,137.68 for the August Leases. Additional continue to accrue, including late charges, attorney's fees and other costs properly allocated to the debtor under the August Leases.

10. The Movant is the owner/lessor, by assignment, of the leased vehicles described in the July and August Leases which are attached hereto as a portion of Exhibits A-1 through B-25.

11. The amount of the monthly payments required by each lease is a fair and reasonable monthly rental for the use of the leased vehicles.

12. Debtor has no equity in the leased vehicles, but is currently using and has used the leased vehicles at all times since the filing of the voluntary petition on or about October 7, 2021.

13. Debtor's continued use of the leased vehicles depreciates the value of the leased vehicles, and Movant's ownership interest in the leased vehicles.

14. Movant's interest in the leased vehicles is not adequately protected.

15. Debtor has not offered adequate protection within the meaning of 11 U.S.C. §361.

16. In order to adequately protect Movant's interest in the leased vehicles within the

meaning of 11 U.S.C. § 361, the Debtor should at a minimum: (a) pay all past due amounts under the leases to the Movant immediately; (b) make all future monthly payments due under the leases on or before the due date for each such payment in the full monthly rental amount as required by each lease; (c) pay all other expenses properly allocated to the debtor under the leases in a timely manner; (d) service and maintain the vehicles in good working order and condition, properly servicing and storing the same and making all necessary repairs and replacements thereto; (e) advise Movant in writing of any change in location, condition, or use of the leased vehicles; (f) maintain insurance on the leased vehicles; (g) fully comply with all terms and conditions of the leases; and (h) immediately assume the leases pursuant to 11 U.S.C. § 365(d)(2).

17. The leases constitute unexpired leases pursuant to 11 U.S.C. §365 and the debtor has neither assumed nor rejected the leases.

18. Pursuant to Bankruptcy Code §§ 363(e) and 365(d)(2), Movant is entitled to request that the Court immediately provide Movant with adequate protection of its interest in the leased vehicles and enter an Order requiring the debtor to assume or reject the unexpired portion of the July and August Lease Agreements within a specified period of time.

16. Sufficient cause exists to waive the requirement of Rule 4001(a)(3) thereby giving full force and effect to the Order upon entry by the Court.

17. Movant specifically requests that Debtor be compelled to timely perform its obligations under the lease agreements and to promptly cure any default of its obligations, and to immediately assume or reject the lease agreements.

18. In the alternative, the Movant requests that the Court require the debtor to assume or reject the lease agreements within ten (10) days of the entry of an Order directing the debtor to take such action.

**WHEREFORE,** Movant prays for the following relief:

1. That the Court immediately prohibit or condition the debtor's use and operation of the leased vehicles as is necessary to provide Movant with adequate protection of its interest in the leased vehicles within the meaning of 11 U.S.C. § 361 and, at a minimum, order the debtor to comply with the Movant's requests set forth above in paragraph 16;

2. That the Court enter an Order requiring the Debtor to assume or reject the unexpired portion of each lease within a specified time period and that the time for rejection or acceptance be brief, not to exceed ten (10) days;

3. In the event the Debtor assumes any of the leases, that the Court approve the same pursuant to 11 U.S.C. § 365, provided the Debtor continues to provide Movant with adequate protection of its interest in the leased vehicles as requested above and that the Debtor first satisfy all prerequisites of assumption set forth in 11 U.S.C. § 365(b) including, but not limited to, payment of all past due amounts presently owed to Movant under each such lease, compensation to Movant for all actual pecuniary loss resulting from the Debtor's default, including, but not limited to, Movant's reasonable attorney's fees and expenses, and provide Movant with adequate assurance of the Debtor's future performance under the any such lease agreement;

4. In the event the Debtor rejects the lease agreements or fails to comply with the foregoing, that the Court order the Debtor to immediately surrender possession of the leased vehicles to Movant at a location of Movant's choosing, and that the automatic stay be modified so as to permit the Movant to seek the remedies available under the July and August Lease Agreements and state law relative to the taking of possession of the leased vehicles;

5. That the Movant have 120 days from the date of any lease rejection or the deadline to file proofs of claim, whichever it later, to file a proof of claim or to amend any proof of claim

Case 22-50228    Doc 44    Filed 10/19/22    Entered 10/19/22 16:20:51    Desc Main
Document    Page 8 of 12

previously filed;

7. That the Debtor be taxed with the cost of this Motion, including Movant's reasonable attorney's fees as authorized within the lease agreements;

8. That any hearing conducted on this motion be deemed a final hearing and not an interim hearing; and

9. For such other and further relief as this Court deems necessary.

This the 18th day of October, 2022.

SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP

/s/ Caren D. Enloe
Caren D. Enloe
NC State Bar No. 17394
PO Box 176010
Raleigh NC 27619-6010
(919)250-2000
cenloe@smithdebnamlaw.com

8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

In re:                                                                  CASE NO. 22-50228

**POWER HOME SOLAR, LLC**

                                                                        **CHAPTER 7**

    Debtor.

## NOTICE OF OPPORTUNITY FOR HEARING

**TAKE NOTICE** that ACAR Leasing Ltd. has filed papers with the Court to Require Debtor to Assume or Reject Unexpired Lease Under 11 U.S.C. § 365 and to Comply with the Requirements of 11 U.S.C. § 365(d)(5). A copy of these paper(s) is included with this notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have on in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order Require Debtor to Assume or Reject Unexpired Lease Under 11 U.S.C. § 365 and to Comply with the Requirements of 11 U.S.C. § 365(d)(5), or if you want the Court to consider your views on the Motion, then on or before **fourteen (14) days from the date of this notice**, you or your attorney must do three things:

1. **File a written response with the Court requesting that the Court hold a hearing and explaining your position. File the response at**

        U.S. Bankruptcy Court
        Charles R. Jonas Federal Building
        Western District of North Carolina

>   401 W. Trade Street, Suite 2500
>   Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

    >   Caren D. Enloe
    >   Smith Debnam Narron Drake Saintsing & Myers, LLP
    >   P.O. Box 176010
    >   Raleigh, NC 27619
    >   Telephone: (919) 250-2000
    >   Facsimile: (919) 250-2124
    >   cenloe@smithdebnamlaw.com

3. **Attend the hearing scheduled November 7, 2022 at 9:30 A.M.** at the United States Bankruptcy Court, Charles Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

DATE OF NOTICE: This the 19th day of October, 2022.

>   /s/ Caren D. Enloe
>   Caren D. Enloe
>   Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
>   NC State Bar No. 17394
>   Post Office Box 176010
>   Raleigh, NC 27609-6010
>   (919)250-2000
>   cenloe@smithdebnamlaw.com
>   *Counsel for ACAR Leasing Ltd. and its servicer, General Motors Financial Company, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

In re:  CASE NO. 22-50228

**POWER HOME SOLAR, LLC**

CHAPTER 7

Debtor.

## CERTIFICATE OF SERVICE

I, Caren D. Enloe, of Smith Debnam Narron Drake Saintsing & Myers, LLP, state under penalty of perjury:

That I am, and at all times hereinafter-mentioned was, more than eighteen (18) years of age; and

That on the 19th day of October, 2022, I served copies of the foregoing NOTICE AND MOTION BY ACAR LEASING LTD TO REQUIRE DEBTOR TO ASSUME OR REJECT UNEXPIRED LEASES UNDER 11 U.S.C. § 365 and TO COMPLY WITH THE REQUIREMENTS OF 11 U.S.C. §365(d)(5) upon the following by mailing a copy thereof, postage prepaid:

| | |
|---|---|
| Power Home Solar, LLC<br>919 N Main Street<br>Mooresville, NC 28115<br>*Debtor* | Jimmy R. Summerlin, Jr.<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603<br>*Trustee* |

and by electronic mail via CM/ECF filing to the following:

| | |
|---|---|
| Joseph W. Grier, III<br>Grier Wright Martinez, PA<br>521 E. Morehead Street, Suite 440<br>Charlotte, NC 28202<br>*Counsel for the Debtor* | Rebecca F. Redwine<br>Jason L. Hendren<br>Benjamin E. F. B. Waller<br>HENDREN, REDWINE &<br>MALONE, PLLC |

Melanie D. Johnson Raubach
Matthew A. Winer
Hamilton Stephens Steele & Martin, PLLC
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
*Counsel for Trustee*

Ashley A Edwards
Phillip Fajgenbaum
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
*Counsel for Sabrina Bibicoff and Cameron Fuchs*

Nan E. Hannah
Zachary Layne
Hannah Sheridan & Cochran LLP
5400 Glenwood Avenue
Suite 330
Raleigh, NC 27612
*Counsel for American Builders & Contractors Supply Co., Inc.*

Arvid Rawal
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
*AIS Portfolio Services, LLC*

Savannah Elaine Lavender
James B. Angell
Howard, Stallings, From & Hutson, P.A.
Post Office Box 12347
Raleigh, NC 27605-2347
*Counsel for AFCO Credit Corporation*

4600 Marriott Drive
Suite 150
Raleigh, NC 27612
*Counsel for behalf of Guru Cultivation LLC*

A. Lee Hogewood III
Jonathan Nobel Edel
K&L Gates LLP
300 S. Tryon St.
Suite 1000
Charlotte, NC 28202
*Counsel for JPMorgan Chase Bank, NA.*

Thomas C. Wolff
Ward and Smith P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
*Counsel for Paragon Safety Group, LLC.*

Ryan Barack
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, FL 33765
*Counsel for Cameron Fuchs and Sabrina Bibicoff*

This the 19th day of October, 2022.

/s/ Caren D. Enloe

Caren D. Enloe