**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| **Power Home Solar, LLC** | : | Case No. 22-50228 |
| **d/b/a Pink Energy** | : | |
| | : | |
| Debtor. | : | |
| | : | |
| **Jimmy R. Summerlin, Jr., Trustee of the** | : | |
| **Bankruptcy Estate of Power Home Solar,** | : | |
| **LLC d/b/a Pink Energy,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Pro. No. 22-_____ |
| v. | : | |
| | : | |
| **THOSE PARTIES TO ACTIONS** | : | |
| **LISTED ON APPENDIX A TO** | : | |
| **COMPLAINT and JOHN AND JANE** | : | |
| **DOES 1-100,** | : | |
| | : | |
| Defendants. | : | |

**TRUSTEE'S COMPLAINT FOR INJUNCTIVE**
**AND DECLARATORY RELIEF (I) PRELIMINARILY**
**ENJOINING CERTAIN ACTIONS AGAINST NON-DEBTORS, OR**
**(II) DECLARING THAT THE AUTOMATIC STAY**
**APPLIES TO SUCH ACTIONS, AND (III) GRANTING A TEMPORARY**
**RESTRAINING ORDER PENDING A FINAL HEARING**

Now comes Jimmy R. Summerlin, Jr. (the "Plaintiff") as the Trustee for the

Bankruptcy Estate of Power Home Solar, LLC, a Delaware limited liability company, d/b/a Pink

Energy (the "Debtor"), and shows the Court as follows:

**INTRODUCTION**

1.    On October 7, 2022 (the "Petition Date"), the Debtor filed for protection under

Chapter 7 of the United States Bankruptcy Code.

2.      The Debtor was organized in 2014 under the laws of the State of Delaware and, upon information and belief, conducted business from 2014 until the Petition Date.

3.      Prior to the Petition Date, the Debtor was engaged in the business of sales, installation, and service of solar panel systems and other related equipment and services.  The Debtor's principal office was located in Mooresville, North Carolina.  Although most, if not all, of the Debtor's satellite facilities are located east of the Mississippi River, the Debtor engaged in business throughout the United States.

4.      The relief sought by this adversary proceeding is critical to the Trustee's ability to preserve the assets of the estate and proceed with an orderly liquidation to maximize recovery for the creditors of the Debtor.  Without the requested injunction, litigants would be permitted to litigate, in other forums, the exact same claims that are being asserted against the Debtor in the Bankruptcy Case (defined below).

5.      The Trustee is seeking a preliminary injunction out of an abundance of caution. Although some of the litigants and/or their counsel may disagree, based on 4th Circuit precedent and prior rulings of this court, the bulk of the potential claims at issue are claims that already fall within the stay: derivative claims against non-debtor third parties and/or claims that, if allowed to proceed, may deplete insurance assets otherwise available to the estate.  However, the claims at issue also include claims brought against entities to whom the Debtor may owe some sort of liability of indemnity, which might arguably fall outside the stay.  The potential claims against non-debtor third parties are owned by the estate which the Trustee, on behalf of the estate, should have the first crack at evaluating and, if appropriate, pursuing for the benefit of all creditors, not just those who file suits against the third-parties.  The relief requested herein would ensure that

these claims remain intact while the Trustee takes the necessary time to investigate the merits of each potential claim.

6.     To that end, the Trustee requests a preliminary injunction under section 105(a) of the Bankruptcy Code.  The injunction would enjoin the prosecution of actions outside of this chapter 7 case.

7.     The defendants in this adversary proceeding (collectively, the "<u>Defendants</u>") are all named plaintiffs in lawsuits (the "<u>Pending Litigation</u>") against the Debtor and certain non-Debtor parties listed on <u>Appendix A</u> to this Complaint.[1]  The Defendants would be enjoined from prosecuting actions outside of this Chapter 7 case seeking to hold the following entities liable for claims against the Debtor in this Chapter 7 case:  (1) principals of the Debtor, (2) entities related to the Debtor, (3) various insurers of the Debtor as a result of the Debtor's indemnification of such entities for claims against the Debtor, and (4) persons to whom the Debtor may owe rights of contribution or indemnity for other reasons set forth in the Motion (defined below).  More specifically, the entities that the Defendants would be enjoined from pursuing (the "<u>Protected Parties</u>") are:[2]

    a)  former principal of the Debtor, William J. Waller aka Jayson Waller ("<u>Waller</u>");

    b)  former principal of the Debtor, Steve Murphy ("<u>Murphy</u>");

    c)  former principal of the Debtor, Kevin A. Klink ("<u>Klink</u>");

---

[1]     <u>Appendix A</u> identifies the case caption and civil action number (where available) for each lawsuit.  The Trustee reserves the right to supplement, amend or otherwise modify <u>Appendix A</u> by such procedures as shall be set forth in any order granting the relief requested in the Motion.  For the avoidance of doubt, the inclusion of any lawsuit listed on <u>Appendix A</u> is not an admission that such Defendant holds a currently pending claim or a valid claim against either the Debtor or the Protected Parties.

[2]     The Trustee reserves the right to seek to supplement, amend, or otherwise modify the list of Protected Parties by such procedures as shall be set forth in any order granting the relief requested in the Motion.

4862-1226-0157, v. 5

d)  insurance entities set forth on <u>Appendix B</u> to this Complaint, who have or have had insurance related agreements, or rights thereunder, with the Debtor (the "<u>Insurers</u>"); and

e)  any persons to whom the debtor may owe rights of contribution or indemnity for claims brought against them which arise out of transactions with the Debtor's operating business, including, but without limitation, Goodleap, LLC ("Goodleap") and Sunlight Financial Holdings, Ltd. and/or Sunlight Financial, LLC ("Sunlight") (the "<u>Indemnified Parties</u>").

8.      The Defendants would be enjoined from prosecuting any action seeking to hold a Protected Party liable on account of any "Power Home Solar Claim." "Power Home Solar Claim" means any claim arising from the pre-petition actions of the Debtor or any of the Protected Parties as their actions relate to the pre-petition operations of the Debtor. Without limitation, "Power Home Solar Claim" shall include any claims based on the theories of alter ego, piercing the corporate veil, breach of fiduciary duties, and/or successor liability, fraudulent conveyance claims, and claims against the Protected Parties that may deplete insurance assets or create indemnification obligations against the Debtor. The Trustee seeks to enjoin all claims that fall within Power Home Solar Claims. It is important to note that some claims listed in Appendix A may already be subject to the stay because they assert claims that are property of the estate (such as alter ego, piercing the corporate veil, and breach of fiduciary duties) or may reduce property of the estate (such as insured claims) or are causes of action the Trustee controls in the first instance under the Fourth Circuit's "first crack" doctrine, such as fraudulent conveyance claims. The Trustee has not yet made a determination as to whether or not he will pursue those stayed claims; however, he has not abandoned them and reserves the right to pursue each potential claim.

9.      In addition, the Trustee seeks a declaration that section 362(a) of the Bankruptcy Code prohibits the commencement or continuation of such actions against the Protected Parties while the Debtor's Chapter 7 Case remains pending. The Trustee also seeks a temporary

4862-1226-0157, v. 5

restraining order, entered on limited notice, to immediately effectuate the requested injunctive or declaratory relief pending a final hearing on the merits.

10.    The relief requested in this adversary proceeding is necessary and appropriate because continued prosecution of Power Home Solar Claims against the Protected Parties outside of this Court would undermine the Debtor's Chapter 7 case and the protections of the automatic stay imposed by section 362(a) of the Bankruptcy Code and potentially diminish assets of the estate which may otherwise be available for distribution to creditors.

11.    Contemporaneous with the filing of this Complaint, the Trustee filed a motion (the "Motion") seeking the same relief requested in this Complaint and setting forth additional grounds why the relief requested herein is warranted.[3]

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).    Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee consents to the entry of final orders or a final judgment by this Court in this adversary proceeding.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## BASIS FOR RELIEF

14.    The statutory bases for the relief requested herein are sections 105(a) and 362(a) of the Bankruptcy Code.

---

[3]      The Trustee fully incorporates the arguments and authority contained in the Motion as if fully set forth herein.

4862-1226-0157, v. 5

15.     The Trustee has commenced this adversary proceeding pursuant to Bankruptcy Rules 7001(7), 7001(9) and 7065 of the Federal Rules of Bankruptcy Procedure.

16.     The Trustee has made no prior request for the relief requested herein to this or any other court.

## **THE PARTIES**

17.     The Plaintiff is the duly appointed, acting, and qualified Chapter 7 Trustee for the Bankruptcy Estate of the Debtor.

18.     The Debtor is the debtor in the bankruptcy case bearing Case Number 22-50228 (the "Bankruptcy Case"), filed on October 7, 2022, and pending in the Bankruptcy Court for the Western District of North Carolina (the "Court").

19.     The Debtor is a Delaware limited liability company.

20.     Each Defendant is a plaintiff in an action listed in Appendix A hereto.  The actions listed on Appendix A are pending lawsuits against the Debtor and/or one or more of the Protected Parties to recover on account of Power Home Solar Claims.  Absent the relief requested herein, and in the Motion, the Trustee anticipates that the filing of the Bankruptcy Case will lead Defendants to pursue Power Home Solar Claims against the Protected Parties in an effort to avoid the automatic stay. Certain Defendants have already taken the position, in response to requests to voluntarily stay the Power Home Solar Claims, that the actions are not subject to the automatic stay and should proceed notwithstanding the pendency of this Chapter 7 case.

21.     Each of Defendants John and Jane Does 1-100 is a prospective plaintiff who may, at any time while the Bankruptcy Case is pending, seek to commence an action to pursue a Power Home Solar Claim against one or more of the Protected Parties.

4862-1226-0157, v. 5

22.     The Protected Parties are: (a) Waller, (b) Murphy, (c) Klink, (d) the Insurers, and (e) the Indemnified Parties.

## FACTUAL BACKGROUND

### *Failure of Debtor's Business Operations*

23.     Before the business ultimately failed, the Debtor sold, designed, operated, financed, and installed solar panels and energy systems for primary residential applications.

24.     The Debtor's residential solar energy systems were consumer products used for household purposes, namely, for household energy generation.

25.     Since 2018, the Debtor has sold solar panel systems to tens of thousands of customers located throughout the United States, many of which, upon information and belief, are either (a) not working at all, (b) not working properly, or (c) installation incomplete.

26.     Based on pending litigation there are a number of theories why the Debtor's business operations failed and who is at fault for the failure of the business.

27.     The Trustee is currently investigating the causes of the Debtor's decline and insolvency.

### *The Generac Lawsuit*

28.     On August 1, 2022, the Debtor filed a lawsuit against Generac Power Systems, Inc. ("Generac") in the Western District of Virginia.

29.     In its lawsuit against Generac, the Debtor alleges that Generac's defective products had a devastating effect on the Debtor's business.

30.      Specifically, the Generac lawsuit alleges that Generac sold and supplied the Debtor with defective solar energy system component parts resulting in ongoing financial damage and extraordinary harm to the Debtor's business reputation.  The lawsuit further alleges that Generac

4862-1226-0157, v. 5

subsequently failed to timely communicate known product issues, interfered with the operation of the Debtor's customers' solar energy systems without informing the Debtor, and used the Debtor to effectuate an unofficial product recall that Generac should have publicly conducted itself.   The lawsuit brought by the Debtor seeks damages in an amount in excess of $190,000,000.00.

***The Power Home Solar Claims***

31.     While the vast majority of the potential and existing claims at issue are derivative claims against non-debtor third parties that are covered by the stay, the Trustee seeks a preliminary injunction to ensure that Power Home Solar Claims against the Protected Parties are available to the Trustee to evaluate, pursue, and/or resolve, as appropriate, on behalf of the estate.

***Waller, Murphy, and Klink***

32.     Waller is an individual, Founder, Chief Executive Officer, and indirect equity holder in the Debtor.

33.     Murphy is an individual, Chief Operating Officer, President and indirect equity holder in the Debtor.

34.     Klink is an individual, Chief Marketing Officer, Co-Founder, and indirect equity holder in the Debtor.

35.     Waller, Murphy, and Klink have or may assert claims against certain insurance policies (including, without limitation, directors' and officers' liability insurance) held by the Debtor on the petition date and issued by the Insurers.   Therefore, the funds available under the insurance policies may be diminished or depleted.

36.     Upon information and belief, the insurance funds could be a source of recovery for the estate for the benefit of creditors.   If the funds are diminished or depleted by the costs of defense

4862-1226-0157, v. 5

incurred outside this Bankruptcy Case, the assets available to the estate for the benefit of creditors is highly likely to be negatively impacted.

37.     Upon information and belief, each of Waller, Murphy, and Klink claim indemnity rights against the Debtor related to the Power Home Solar Claims.

### *Goodleap and Sunlight*

38.     GoodLeap, LLC is a California limited liability company, f/k/a Goodleap, LLC, f/ka Loanpal, LLC, f/k/a PARAMOUNT EQUITY MORTGAGE, LLC.

39.     Sunlight Financial Holdings, Inc. is a Delaware corporation.  Sunlight Financial, LLC is a Delaware limited liability company.

40.     Both Goodleap and Sunlight, among possibly others, provided financing to numerous customers of the Debtor for the purchase and installation of solar panel systems.

41.     Upon information and belief, Goodleap and/or Sunlight, among possibly others of the Indemnified Parties, may assert claims against insurance policies held by the Debtor on the petition date and issued by the Insurers.

42.     Upon information and belief, Goodleap and/or Sunlight, among possibly others of the Indemnified Parties, claim contractual indemnity rights against the Debtor related to the Power Home Solar Claims.

### *The Insurers*

43.     The Insurers provide, or have provided, insurance to the Debtor that could cover Power Home Solar Claims.

44.     Upon information and belief, as of the Petition Date, these insurance agreements place under agreement up to approximately $29,000,000.00 (in the aggregate) in unexhausted limits for coverage of Power Home Solar Claims.  Based upon the information currently available

to the Trustee, it is highly likely that the total claims to be made on the various insurance agreements vastly exceed the available coverages. The insurance agreements typically obligate the Debtor to indemnify an Insurer and various related parties under a variety of circumstances.

### *The Indemnified Parties*

45.    The Indemnified Parties, including Goodleap and Sunlight, are various entities that the Debtor has or may have indemnified contractually for any liability on account of the Power Home Solar Claims, or with respect to which the Debtor otherwise has agreed to be responsible for any such liability.

46.    These equitable claims likely include claims of indemnity and contribution.

47.    The majority of the litigation against the Indemnified Parties, including Goodleap and Sunlight, on account of Power Home Solar Claims results from transactions involving or arising out of alleged defects in the products supplied to the Debtor by Generac.

## **THE NEED FOR THE REQUESTED RELIEF**

48.    The injunctive and declaratory relief sought by this adversary proceeding (and the related Motion) is critical to the Trustee's ability to preserve estate assets and maximize recoveries for all creditors of the Debtor.

49.    As a result of the automatic stay triggered by the Debtor's bankruptcy filing, and in the absence of the relief requested by this Complaint and the Motion, the Trustee believes that:

a.    Many Defendants who already have asserted Power Home Solar Claims against the Protected Parties will attempt to continue prosecuting such claims outside of the Bankruptcy Case;

b.    Many Defendants who have sued only the Debtor will seek to amend their complaints to name one or more of the Protected Parties;

c.    Many Defendants will seek to amend their complaints to add new causes of action against the Protected Parties; and

4862-1226-0157, v. 5

d.    Defendants John and Jane Does 1-100 will file Power Home Solar Claims against the Protected Parties, but not the Debtor.

50.    The Trustee believes that the Power Home Solar Claims against the Protected Parties—under whatever theory—are the exact same claims as, and are identical and co-extensive in every respect to, those claims that have been asserted or may be asserted against the Debtor. The claims involve the same plaintiffs, the same time periods, and the same liability and damage allegations. Accordingly, Power Home Solar Claims brought against the Protected Parties are tantamount to claims against the Debtor. Much like in the mass tort cases before this Court, potential liability against the estate for claims against Protected Parties could be significant and could deplete estate resources. However, there is a finite and diminishing pool of assets in the present case, unlike the debtors in the mass tort cases, who have uncapped funding agreements.

51.    Permitting the Defendants to continue or to commence Power Home Solar Claims against the Protected Parties while the Trustee simultaneously works to resolve the same claims in the Debtor's Bankruptcy Case would (a) defeat the purpose of the Debtor's Bankruptcy Case, (b) result in irreparable harm to the Debtor's estate, (c) undermine and circumvent the purposes and spirit of the automatic stay, (d) divert the Trustee from his work to investigate, pursue, and recover on the stayed claims in an effort to maximize recoveries for all creditors of the Debtor, and (e) result in significant and substantial depletion of possible insurance recovers for the benefit of just a few of the Debtor's creditors, as opposed to the whole of the creditor body. Such claims should therefore be enjoined.

## NATURE OF RELIEF REQUESTED

52.    To guard against the severe and irreparable harm that the Debtor's estate would suffer in the event that the Defendants are permitted to continue or commence Power Home Solar Claims against the Protected Parties during the Debtor's bankruptcy proceedings, the Trustee

4862-1226-0157, v. 5

seeks: (a) a preliminary injunction prohibiting the Defendants from commencing or continuing to prosecute any Power Home Solar Claims against any Protected Party while the Bankruptcy Case remains pending; or (b) a declaration that, while the Bankruptcy Case remains pending, the commencement or continued prosecution of any Power Home Solar Claim against any Protected Party constitutes a violation of the automatic stay imposed by section 362 of the Bankruptcy Code.[4]  The Trustee also seeks a temporary restraining order, issued on limited notice, that prohibits the Defendants from filing or continuing to prosecute any Power Home Solar Claims against any Protected Party pending a final hearing on the merits.

**Count I:  Preliminary Injunctive Relief,**
**Pursuant to Sections 105 and 362 of the Bankruptcy Code**

53.    The Trustee incorporates by reference paragraphs 1 through 52 as if fully set forth herein.

54.    Section 105(a) of the Bankruptcy Code authorizes and empowers this Court to issue any orders that will further the purposes and goals of the Bankruptcy Code, assist in the orderly and effective administration of the Bankruptcy Case, aid in the preservation of the assets of the Debtor's estate to maximize recover to all of the Debtor's creditors.[5]

55.    Pursuant to sections 105(a) and 362 of the Bankruptcy Code, this Court may enjoin creditor actions against third parties where necessary to prevent an adverse impact on the Debtor's estate or to ensure the orderly administration of the Debtor's chapter 7 estate and proceedings.  An

---

[4]    This injunction would include, without limitation: (a) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Protected Parties; (c) further motions practice related to the foregoing; and (d) any collection activity on account of a Power Home Solar Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

[5]    Section 105(a) of the Bankruptcy Code provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

4862-1226-0157, v. 5

injunction is appropriate in this case to prohibit the Defendants from filing or continuing to prosecute any Power Home Solar Claims against the Protected Parties while the Bankruptcy Case remains pending or the particular claims are abandoned by future order of this court.  Further, such an injunction is critical to the Trustee's ability preserve estate assets and maximizes recovery to all of the Debtor's creditors, not just those who happen to file a particular lawsuit first in a race to claim as much of what insurance proceeds may be available from the Insurers.

56.     In the Fourth Circuit, courts considering the propriety of an injunction under section 105(a) typically apply the traditional four-prong test for injunctions, as tailored to the unique circumstances of bankruptcy.  In bankruptcy, these four elements are: (a) the debtor's reasonable likelihood of a successful reorganization, (b) the imminent risk of irreparable harm to the debtor's estate in the absence of an injunction, (c) the balance of harms between the debtor and its creditors, and (d) whether the public interest weighs in favor of an injunction.

57.     While courts typically consider all four factors, the Fourth Circuit has made very clear that the critical, if not decisive, issue in whether a section 105(a) injunction is warranted is whether and to what extent the non-debtor litigation interferes with the debtor's reorganization or liquidation efforts.  Here, the interference with the Trustee's ability to properly liquidate the Debtor's assets is sufficiently decisive to grant the injunction without applying the four-factor test. In any case, as set forth below, the injunction is appropriate under the four-factor test as well.

58.     The Trustee is likely to prevail on the merits of his Complaint under Fourth Circuit standards.  The estate's prospects for a successful orderly liquidation of the Debtor's assets and maximization of distributions to creditors are enhanced by the Trustee having the right to evaluate and pursue claims against all potential sources of recovery, including but not limited to the Protected Parties.

59.    Further, without the requested injunction, estate assets would be diminished as the Trustee's right to pursue claims on behalf of all creditors would ultimately be usurped by the Defendants.  Due to the indemnities the Protected Parties assert against the Debtor, as well as the Debtor's insurance coverage for Power Home Solar Claims, litigating the Power Home Solar Claims against the Protected Parties could, outside of the Bankruptcy Case, deplete assets that may be otherwise available to the estate including, without limitation insurance coverage and potential recovery on claims that are property of the estate, fix Power Home Solar Claims against the Debtor, and bind the Debtor under the doctrines of collateral estoppel and *res judicata*.  Such litigation would also allow the Defendants to use evidence generated in those proceedings to try to establish the Debtor's liability for the exact same claims, compelling the Trustee to actively participate in the litigation and diverting his time, resources, and attention from otherwise achieving his goal of maximizing recoveries.

60.    Any harm that issuing an injunction might cause the Defendants is substantially less.  The financial harm that the Defendants are alleging is not a reason to prefer these individual creditors over all of the other creditors of the Debtor.  Rather, similarly situated creditors should have the same chance at recovery.

61.    Finally, there is a strong public interest in a value-maximizing liquidation that is fair and equitable to all creditors, and injunctive relief is critical to the Trustee's liquidation efforts. It also is in the public interest to promote justice in the court system.  In the Debtor's case, this can only be achieved by resolving all Power Home Solar Claims in a fair and equitable manner in one forum.  Consequently, the resolution of the Power Home Solar Claims in this proceeding will maximize the value available to the entire creditor body by preserving estate assets and augmenting the estate should the Trustee pursue and recover on the Power Home Solar Claims. This result is

not possible if piecemeal litigation of the Power Home Solar Claims is allowed to circumvent the
bankruptcy process and the automatic stay. For that reason, a value-maximizing and orderly
liquidation under chapter 7—and an injunction that makes such liquidation possible—serve
the public interest by allowing for the resolution of Power Home Solar Claims in a uniform and
equitable manner.

62.    Accordingly, an injunction barring the Defendants from commencing or continuing
any Power Home Solar Claims against one or more Protected Parties while the Bankruptcy Case
remains pending is appropriate and essential to the orderly and effective administration of the
Debtor's estate. Good cause exists for the entry of injunctive relief pursuant to sections 105(a) and
362(a) of the Bankruptcy Code and Bankruptcy Rule 7065.

WHEREFORE, the Trustee respectfully requests that this Court: (a) after notice and a
hearing, issue a preliminary injunction pursuant to sections 105 and 362 of the Bankruptcy Code
prohibiting the filing or continued prosecution of Power Home Solar Claims against the Protected
Parties while this Bankruptcy Case remains pending or until such time as the Court approves
abandonment of such claims and (b) grant such other and further relief as the Court may deem
proper.

### Count II: Declaratory Relief
### Pursuant to Section 362 of the Bankruptcy Code

63.    The Trustee incorporates by reference paragraphs 1 through 62 as if fully set forth
herein.

64.    Section 362(a)(3) of the Bankruptcy Code operates automatically to stay, among
other actions, "the commencement or continuation . . . of a . . . proceeding against the debtor . . .
to obtain possession of . . . or to exercise control over property of the estate." 11 U.S.C.
§ 362(a)(3). The section 362(a)(3) stay applies here in two ways. First, section 362(a)(3) bars

Defendants from bringing actions against the Debtor's Insurers or actions which might deplete insurance coverage because the insurance coverage is property of the estate.  Second, because any cause of action against the other Protected Parties—which likely would be based on a theory of alter ego, successor liability or fraudulent transfer—would constitute property of the Debtor's estate, section 362(a)(3) operates to stay the action.

65.     Further, Section 362(a)(1) of the Bankruptcy Code prohibits the "commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

66.     Fourth Circuit precedent recognizes that section 362(a)(1) may extend of its own force to enjoin actions against parties who share such an identity of interests with the debtor that the debtor is, in effect, the real-party defendant.  See e.g., *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).

67.     Here, Protected Parties share such an identity of interests with the Debtor that the Debtor, in effect, would be the real-party defendant in Power Home Solar Claims brought against the Protected Parties.  Litigating the Power Home Solar Claims against the Protected Parties would liquidate claims against the Debtor, if allowed, including by triggering claims for indemnification rights.  Such litigation further creates risks of binding the Debtor through *res judicata* and collateral estoppel and creating an evidentiary record that prejudices the Debtor.    Because the Debtor is the real-party defendant in any suit seeking to liquidate and recover on account of a Power Home Solar Claim, section 362(a)(1) applies to stay such actions.

68.     Accordingly, whether the Court relies on its broad powers under section 105 of the Bankruptcy Code or looks to Fourth Circuit precedent with respect to the application of the

4862-1226-0157, v. 5

automatic stay, the injunctive and/or declaratory relief the Trustee seeks in this Complaint and in the Motion is necessary and appropriate to protect both the integrity of the bankruptcy proceeding and the Trustee's prospects of preserving estate assets to maximize recovery for creditors of the Debtor.

WHEREFORE, the Trustee respectfully requests that this Court: (a) after notice and a hearing, enter an order and judgment declaring that the commencement or continued prosecution of Power Home Solar Claims against one or more Protected Parties while the Bankruptcy Case remains pending violates the automatic stay imposed by section 362(a) of the Bankruptcy Code and (b) grant such other and further relief as the Court may deem proper.

### Count III:  Application for Temporary Restraining Order

69.    The Trustee incorporates by reference paragraphs 1 through 68 as if fully set forth herein.

70.    To preserve the effectiveness of the automatic stay until this Court has the opportunity to hold a final hearing on the Trustee's request for declaratory and/or injunctive relief, and to prevent the foregoing harmful effects upon the Debtor's estate, the Trustee requests that, with limited notice, the Court issue a temporary restraining order prohibiting and enjoining the Defendants from filing or continuing to prosecute Power Home Solar Claims against the Protected Parties until this Court has issued a final ruling on the merits. Upon information and belief, without this relief, response deadlines with respect to certain litigation asserting Power Home Solar Claims would lapse, pending a final ruling on the relief requested herein.

71.    The issuance of a temporary restraining order is warranted for the reasons already set forth herein and as more fully set forth in the Motion.  In addition, it is appropriate for the Court to grant the temporary restraining order with shortened notice to the Defendants.  Further it is

4862-1226-0157, v. 5

appropriate for the Court to grant the relief requested herein without currently identifying or providing notice to Defendants John and Jane Does 1-100, who are putative plaintiffs for future actions against the Protected Parties.

WHEREFORE, the Trustee respectfully requests that this Court enter a temporary restraining order: (a) prohibiting the Defendants from filing or continuing to prosecute any Power Home Solar Claims against the Protected Parties until the Court decides whether to grant the Trustee's request in this Complaint and the Motion for injunctive and/or declaratory relief and (b) granting such other and further relief as the Court may deem just and proper.

Dated: November 10, 2022
     Charlotte, North Carolina

               HAMILTON STEPHENS
               STEELE + MARTIN, PLLC

               */s/ Melanie D. Johnson Raubach*
               Melanie D. Johnson Raubach (NC Bar No. 41929)
               525 North Tryon Street, Suite 1400
               Charlotte, North Carolina 28202
               Telephone: (704) 344-1117
               Facsimile:  (704) 344-1483
               mraubach@lawhssm.com

               Jimmy R. Summerlin, Jr.
               YOUNG, MORPHIS, BACH & TAYLOR, LLP
               Post Office Drawer 2428
               Hickory, North Carolina 28603
               Telephone: (828) 322-4663
               jimmys@hickorylaw.com

               *Attorneys for the Estate and Jimmy R. Summerlin,*
               *Jr., in his capacity as Bankruptcy Trustee for Power*
               *Home Solar, LLC*

# APPENDIX A

## Lawsuits

1.   Mark and Tracy Mondello v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 5:22-cv-01238, filed in the U.S. District Court for the Northern District of Ohio.

2.   Eric Shultz v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 1:2022CV00436, case transferred as 3:22-cv-223, filed in the U.S. District Court for the Southern District of Ohio.

3.   Tamara Spencer Ward and Micahel Ward v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 2:22-cv-03149, filed in the U.S. District Court for the Southern District of Ohio.

4.   Teri Whitaker v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 3:22-cv-00233, filed in the U.S. District Court for the Southern District of Ohio.

5.   Craig & Amanda Berger v. Power Home Solar, LLC d/b/a Pink Energy, Digital Federal Credit Union, and Jayson Waller, 3:22-cv-00242, filed in the U.S. District Court for the Southern District of Ohio.

6.   Nicholas Heiland and Jessica Thornton v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 1:22cv00437, filed in the U.S. District Court for the Southern District of Ohio.

7.   Sean and Sara McConville v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 5:2022CV01277, filed in the U.S. District Court for the Northern District of Ohio.

8.   Richard and Tracey Annon v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 2:22-cv-03174, filed in the U.S. District Court for the Southern District of Ohio.

9.   Erik Steffen & Jennifer Robb v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 1:22cv00444, filed in the U.S. District Court for the Southern District of Ohio.

10.  David and Debbi Hutzell, Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 2:2022cv02930, filed in the U.S. District Court for the Southern District of Ohio.

11.  Denise Farag v. Power Home Solar, LLC d/b/a Pink Energy, Goodleap LLC, and Jayson Waller, 1:22CV00448, filed in the U.S. District Court for the Southern District of Ohio.

4862-1226-0157, v. 5

12. Vallie Naylor v. Power Home Solar, LLC d/b/a Pink Energy, a Delaware Limited Liability Company, Jayson Waller, CEO and Co-Founder, Steve Murphy, President; 22-CVS-002022, filed in the Superior Court of Harnett County, North Carolina.

13. McNaughton-McKay Electric Co., v. Power Home Solar, LLC d/b/a Pink Energy; Pink Energy, LLC; William J. Waller a.k.a. Jayson Waller; Steve Murphy; and Kevin A. Klink; #2022-196509-CB; filed in the 6th Circuit Court for the County of Oakland, Michigan.

4862-1226-0157, v. 5

## APPENDIX B

Federal Insurance Company (D&O Liability)                                              $3,000,000.00
Peleus Insurance Company (Contractor Liability)                                        $1,000,000.00
Accredited Specialty Insurance Company (Cyber Liability)                               $5,000,000.00
Atlantic Specialty Insurance Company (Employed Lawyers Liability)                      $3,000,000.00
Ironshore Specialty Insurance Company (Primary General Liability)                      $2,000,000.00
Ironshore Specialty Insurance Company (1st Excess General Liability)                   $5,000,000.00
Sompo International (2nd Excess General Liability)                                      $5,000,000.00
Zurich (3rd Excess General Liability)                                                  $5,000,000.00

4862-1226-0157, v. 5