

FILED & JUDGMENT ENTERED
Steven T. Salata

January 27 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

------------------------------------------------------------------ X
                                                                   :
In re:                                                             :   CHAPTER 7 CASE
                                                                   :
POWER HOME SOLAR, LLC,                                             :   CASE NO. 22-50228
                                                                   :
        Debtor.                                                    :
                                                                   :
                                                                   :
------------------------------------------------------------------ X

### STIPULATED ORDER REJECTING LEASE OF NON-RESIDENTIAL REAL PROPERTY, MODIFYING THE AUTOMATIC STAY, AND ABANDONING PROPERTY OF THE ESTATE

Jimmy R. Summerlin, Jr. (the "Trustee") in his capacity as the trustee of the estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor") hereby enters into this stipulation with 1020 APR LLC. ("Landlord") with regard to the lease (the "Lease") of certain non-residential real property (the "Premises") described in the attached Stipulated Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit "A" and incorporated herein, and requests that the Court enter this order (the "Stipulated Order") in accordance herewith and represents and agrees as follows:

1

YMBT 280085.1

**RECITALS**

**WHEREAS**, on January 20, 2023 the Trustee entered into the Agreement with Landlord to provide for the stipulated rejection of the Debtor's Lease of the Premises, pursuant to Section 365 of the Bankruptcy Code, effective as of 4:16 p.m. on October 7, 2022 (the "Petition Date") and granting Landlord relief from the automatic stay imposed by Section 362 of the Bankruptcy Code to allow Landlord to retake possession of the Premises; and

**WHEREAS**, the Trustee has inspected the Premises and its contents and determined, in the Trustee's business judgment, in consultation with his auctioneer(s), that except, as to certain vehicles and/or trailers, the Premises and its contents are not necessary to the administration of the Debtor's estate and are burdensome and not necessary to an effective reorganization;

**NOW, THEREFORE**, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, AND PURSUANT TO THE TERMS OF THE AGREEMENT, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. Upon entry of this Stipulated Order by the Bankruptcy Court and subject to the terms, releases, and waivers set forth in the Agreement, the Lease of the Premises is and shall be deemed as rejected pursuant to Section 365 of the Bankruptcy Code effective as of the Petition Date, and the contents thereof deemed as abandoned pursuant to Section 554 of the Bankruptcy Code effective as of the entry of this Order.

2. Upon entry of this Stipulated Order by the Bankruptcy Court and subject to the terms, releases, and waivers set forth in the Agreement, Landlord is granted relief from the automatic stay imposed by Section 362 of the Bankruptcy Code and shall be immediately

entitled to retake possession of the Premise and to relet the same without any further notice to the Trustee.

3.    This Court shall retain jurisdiction to interpret and construe this Stipulated Order.

4.    Pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and notwithstanding any other provision of the Bankruptcy Rules, this Order shall be effective immediately upon entry.

    Consented and Stipulated to by the Trustee:

    **YOUNG, MORPHIS, BACH & TAYLOR, LLP**

By:  <u>/s/ Jimmy R. Summerlin, Jr.</u>
     Jimmy R. Summerlin, Jr.
     Post Office Drawer 2428
     Hickory, NC 28603
     Telephone: (828) 322-4663
     Email: jimmys@hickorylaw.com

*Attorney for the Chapter 7 Trustee*

*This Order has been signed electronically.*    *United States Bankruptcy Court*
*The Judge's signature and the Court's seal*
*appear at the top of this Order.*

# EXHIBIT "A"

## STIPULATED AGREEMENT TO REJECT LEASE
## AND GRANT OF RELIEF FROM STAY

This Agreement is made the 20th day of January, 2023, by the between JIMMY R. SUMMERLIN, JR., in his capacity as Chapter 7 Trustee (the "Trustee") for Power Home Solar, LLC d/b/a Pink Energy (the "Debtor") and 1020 APR LLC ("Landlord"), concerning the premises located at 1020 Airport Road, Allentown, PA 18109 (the "Premises").

WHEREAS, prior to the Petition Date (4:16 p.m. EST, October 7, 2022), the Debtor and Landlord entered into a certain lease agreement, as the same may have been amended from time to time (collectively, the "Lease") wherein the Debtor leased the Premises from the Landlord; and

WHEREAS, subject to the terms hereof Landlord desires to retake possession thereof for the purposes of reletting and/or sale of the Premises to other parties; and

WHEREAS, the Trustee and the Landlord, have mutually agreed, subject to the terms of this Agreement to the rejection and termination of the Lease and the grant of relief from stay to the Landlord. The Trustee and the Landlord agree as follows:

1. The terms of this Agreement shall be and remain subject to the approval of the United States Bankruptcy Court for the Western District of North Carolina (the "Court") in the Debtor's bankruptcy case. Landlord shall take no action with respect to the Premises until such approval has been obtained.

2. Upon approval of this Agreement, the Lease of the Premises is and shall be deemed as rejected pursuant to Section 365 of the Bankruptcy Code effective as of the Petition Date. In exchange for the consents granted herein to expedite Landlord's retaking of the Premises, Landlord expressly waives any administrative claims under 11 U.S.C. § 503 for rent and/or other expenses and costs relating to the period beginning on the Petition Date and continuing through the Landlord's repossession of the Premises, provided, however, that Landlord shall be entitled to assert a general unsecured claim for unaccrued post-petition rent, subject to the limitations set forth in 11 U.S.C. § 502(b)(6), as well as any pre-Petition Date rent, costs, or other expenses relating to the Lease..

3. Upon approval of this Agreement, Landlord is granted relief from the automatic stay imposed by Section 362 of the Bankruptcy Code and shall be immediately entitled to retake

possession of the Premise and to relet the same. The 14 day waiting period set forth in Fed. R. Bankr. Proc. Rule 4001(a)(3) shall not apply.

4. Any vehicles, trailers, or other personal property that the Trustee has identified as being owned by the Debtor or leased shall remain on the Premises for retrievable by the Trustee or the applicable leasing companies. The Trustee and the Landlord agree to cooperate fully with each other and such leasing companies to allow the recovery of the leased property. Any other personal property of the Debtor located on the Premises shall be deemed abandoned upon entry of the order approving this Agreement.

5. Landlord represents and warrants to the Trustee and the Court that it has either (i) received the advice of an attorney of Landlord's choosing, or (ii) has expressly declined to request the advice of an attorney, with relation to the contents of this Agreement. Landlord has not received and is not relying on any advice or representation of either the Trustee or the Trustee's attorneys in relation to the contents of this Agreement.

6. The individual executing this Agreement on behalf of Landlord represents and warrants to the Trustee and the Court that he/she is duly authorized and empowered by Landlord to execute this Agreement and that upon approval of this Agreement by the Court, this Agreement will be binding upon Landlord.

7. This Agreement may be executed in two or more counterparts, the combination of which, when executed by all parties, shall constitute one final agreement. This Agreement may be executed in electronic format, by facsimile, email, or other digital means, each of which shall be deemed as an original signature for all purposes. Each party executing this Agreement authorizes the Trustee to submit a copy of this Agreement to the Court via the public CM/ECF filing site for the Court's consideration in the entry of any order relating hereto.

*Continued on the following page(s).*

8. The Court shall retain jurisdiction to interpret and construe the provisions of this Agreement. Each of the Trustee and the Landlord consent to the jurisdiction of the Court and the entry of final orders relating to this Agreement by the Court.

LANDLORD:

1020 APR LLC

Signed: _____
Print Name:    ROBERT ZIADE
Title:    MEMBER

TRUSTEE:

Signed:  *Jimmy R. Summerlin, Jr.*
Jimmy R. Summerlin, Jr., Chapter 7 Trustee
In re Power Home Solar, LLC d/b/a Pink Energy
W.D.N.C. Bankr. Case No. 22-50228

YMBT 280085.1