

FILED & JUDGMENT ENTERED
Steven T. Salata

February 16 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| In re: | Case No. 22-50228 |
| --- | --- |
| **POWER HOME SOLAR, LLC** <br> **d/b/a PINK ENERGY,** <br><br> Debtor(s). | **Chapter 7** |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

This cause comes before the Court upon the motion of JIMMY R. SUMMERLIN, JR., in his capacity as the Chapter 7 bankruptcy trustee (the "Trustee") for the Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), for the entry of an order approving the compromise and settlement (the "Motion") of certain proceedings before the National Labor Relations Board, Region 7 (the "NLRB") (Docket No. 281). The Court finds as follows:

1. On October 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the Western District of North Carolina, Bankruptcy Case No. 22-50228. The Trustee in this proceeding has been duly appointed and is serving as the Chapter 7 Trustee.

2. Prior to the Petition Date, the Debtor had closed all of its operations and facilities, including its facility located in Chesterfield, Michigan.

3. Prior to the Petition Date, the employees of the Debtor's Chesterfield, Michigan facilities had approved union representation and were represented by Local 58, International Brotherhood of Electrical Workers (IBEW), AFL-CIO (the "Union").

4. On and between December 2, 2022 and September 12, 2022, certain charges were filed by the Union with the Board against the Debtor alleging various violations of the National Labor Relations Act (the "Act"), Case Nos. 07-CA-287046, 07-CA-288569, 07-CA-294300, 07-CA-294307, 07-CA-394311, 07-CA-394314, 07-CA-294321, and 07-CA-303555 (the "NLRB Proceedings").

5. As of December 29, 2022, the NLRB provided the Trustee with estimated damages calculations totaling in excess of $2,000,000.00, all or portions of which sums if awarded in a judgment by the NLRB may have been entitled to administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A).

6. The parties have continuously engaged in discussions regarding the charges, alleged damages and possible settlement of this action and have, subject to the approval of this Court, entered into a certain Settlement Agreement, a copy of which is attached hereto as ***Exhibit "A"*** and incorporated herein.

7. In essence, the Settlement Agreement provides that certain former employees of the Chesterfield, Michigan location will be allowed administrative claims under 11 U.S.C. § 503(b)(1)(A) totaling approximately $257,000.00, plus certain of those same former employees will be allowed a priority wage claim of $15,150.00 each under 11 U.S.C. § 507(a)(4) along with a general unsecured claim of varying amounts between $32,605.00 and $88,062.00, plus interest. The total settlement, including all administrative, priority wage, and general unsecured claims awarded total approximately $703,000.00, or approximately 35% of the total claimed damages.

8. The Trustee, subject to the approval of this Court, in the exercise of his duties as Chapter 7 Trustee herein, and in his business judgment, in consideration of the (a) likelihood of judgment

entered by the NLRB, (b) the costs and expenses that would be incurred by the Estate to defend the charges, and (c) the assets of the Estate, has agreed to settle and compromise the NLRB Proceeding with the NLRB in accordance with the terms of the Settlement Agreement.

9. This Court's Local Rule 9013-1(e)(17) permits motions to approve settlements to be noticed on a "no protest" basis upon providing a 21 day objection deadline. The Motion has been duly filed and notices as a "no protest" motion, the time for responses has expired, and no responses or objections have been received.

10. The Trustee seeks authority to compromise and settle the NLRB Proceedings in accordance with the terms of the Settlement Agreement. The terms are fair, equitable and reasonable in light of the (a) likelihood of recovery of a judgment against the Debtor in this disputed matter, and (b) the costs and expenses that will be incurred by the Estate to obtain any judgment.

11. The proposed settlement reflects the best interests of Debtor's creditors.

12. For these reasons, the proposed settlement reflects the best interests the bankruptcy estate.

Based upon the foregoing findings and without any objections to the Motion having been presented, the Court concludes that the Motion should be granted.

NOW, THEREFORE, it is ORDERED, DECREED and ADJUDGED that the proposed settlement of the NLRB Proceeding in accordance with the Settlement Agreement, a copy of which is attached hereto as ***Exhibit "A"*** and incorporated herein, is APPROVED and the Motion is GRANTED.

*This Order has been signed electronically.*             ***United States Bankruptcy Court***
*The Judge's signature and the Court's seal*
*appear at the top of this Order.*

UNITED STATES GOVERNMENT  
NATIONAL LABOR RELATIONS BOARD  
SETTLEMENT AGREEMENT

**EXHIBIT "A"**

IN THE MATTER OF  
Power Home Solar, LLC d/b/a Pink Energy

Cases 07-CA-287046  
07-CA-288569  
07-CA-294300  
07-CA-294307  
07-CA-294311  
07-CA-294314  
07-CA-294321  
07-CA-303555

Subject to the approval of the Regional Director for the National Labor Relations Board, the Charged Party and the Charging Party **HEREBY AGREE TO SETTLE THE ABOVE MATTER AS FOLLOWS:**

**MAILING OF NOTICE** — After the Regional Director approved this Agreement, the Regional Office will send copies of the approved Notice to the Charged Party in English. After the Bankruptcy Court approves this Agreement, the Chapter 7 Trustee of the Charged Party will then sign and date those Notices and immediately remit to the Region the signed Notices, along with a list of the last known addresses for all former employees who were employed at its facility located at 56308 North Bay Drive, Chesterfield, MI 48051 at any time since June 2, 2021.

**COMPLIANCE WITH NOTICE** — The Charged Party will comply with all the terms and provisions of said Notice.

**PAYMENT OF WAGES AND BENEFITS** – The Charged Party agrees that the backpay amounts set forth in Appendix A constitute administrative claims under 11 U.S.C. § 503(b)(1)(A)(ii) and entitled to a second priority under 11 U.S.C. § 507(a)(2) and the Charged Party agrees that it will not contest the allowance of a claim for the above-noted backpay amounts as administrative claims under 11 U.S.C. § 507(a)(2).

The Charged Party agrees that the backpay amounts set forth below constitute priority wage claims under 11 U.S.C. § 507(a)(4) and the Charged Party agrees that it will not contest the allowance of a claim for the below-noted backpay amounts as administrative claims under 11 U.S.C. § 507(a)(4)

| Name | Backpay |
| --- | --- |
| Armstrong, Daniel | $15,150 |
| Douglas, Spencer | $15,150 |
| Gorecki, Christopher | $15,150 |
| Onufrak, Anthony | $15,150 |
| Prieur, Tyler | $15,150 |
| Pulawski, Christopher | $15,150 |

Initials: JRS

The Charged Party agrees that the backpay amounts set forth below constitute general unsecured claims under and the Charged Party agrees that it will not contest the allowance of a claim for the below-noted backpay amounts as a general unsecured claim:

| Name | Backpay | Interest |
| --- | --- | --- |
| Armstrong, Daniel | $32,605 | $571 |
| Douglas, Spencer | $47,054 | $1,142 |
| Gorecki, Christopher | $88,062 | $2,042 |
| Onufrak, Anthony | $75,029 | $1,908 |
| Prieur, Tyler | $68,231 | $1,688 |
| Pulawski, Christopher | $35,604 | $801 |

All parties agree that this Agreement is subject to approval by the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court").

All parties agree that the amounts agreed to herein, and liquidated hereby, will be submitted to the Bankruptcy Court for appropriate distribution along with other debts. All payments shall be payable to the individual employees listed, and the Chapter 7 Trustee of the Charged Party submit these checks to Region 7, National Labor Relations Board. After the Bankruptcy Court approves this Agreement, the Chapter 7 Trustee of the Charged Party agrees to incorporate the monetary priorities as agreed above in the Bankruptcy claims register.

**SCOPE OF THE AGREEMENT** — This Agreement settles only the allegations in the above-captioned case(s), including all allegations covered by the attached Notice to Employees made part of this agreement, and does not settle any other case(s) or matters. It does not prevent persons from filing charges, the General Counsel from prosecuting complaints, or the Board and the courts from finding violations with respect to matters that happened before this Agreement was approved regardless of whether General Counsel knew of those matters or could have easily found them out. The General Counsel reserves the right to use the evidence obtained in the investigation and prosecution of the above-captioned case(s) for any relevant purpose in the litigation of this or any other case(s), and a judge, the Board and the courts may make findings of fact and/or conclusions of law with respect to said evidence. By approving this Agreement the Regional Director withdraws any Complaint(s) and Notice(s) of Hearing previously issued in the above case(s), and the Charged Party withdraws any answer(s) filed in response.

**PARTIES TO THE AGREEMENT** — If the Charging Party fails or refuses to become a party to this Agreement and the Regional Director determines that it will promote the policies of the National Labor Relations Act, the Regional Director may approve the settlement agreement and decline to issue or reissue a Complaint in this matter. If that occurs, this Agreement shall be between the Charged Party and the undersigned Regional Director. In that case, a Charging Party may request review of the decision to approve the Agreement. If the General Counsel does not sustain the Regional Director's approval, this Agreement shall be null and void.

Initials: JRS

**AUTHORIZATION TO PROVIDE COMPLIANCE INFORMATION AND NOTICES DIRECTLY TO CHARGED PARTY** — Counsel for the Charged Party authorizes the Regional Office to forward the cover letter describing the general expectations and instructions to achieve compliance, a conformed settlement, original notices and a certification of posting directly to the Charged Party. If such authorization is granted, Counsel will be simultaneously served with a courtesy copy of these documents.

Yes _____          No __JaS__
   Initials                Initials

**PERFORMANCE** — Performance by the Charged Party with the terms and provisions of this Agreement shall commence immediately after the Agreement is approved by the Regional Director, or if the Charging Party does not enter into this Agreement, performance shall commence immediately upon receipt by the Charged Party of notice that no review has been requested or that the General Counsel has sustained the Regional Director. The Charged Party agrees that in case of non-compliance with any of the terms of this Settlement Agreement by the Charged Party, and after 14 days' notice from the Regional Director of the National Labor Relations Board of such non-compliance without remedy by the Charged Party, the Regional Director will re-issue the Order Further Consolidating Cases, Third Consolidated Complaint, and Notice of Hearing that was previously issued on December 20, 2022 (the Complaint) that includes the allegations covered by the Notice to Employees, as identified above in the Scope of Agreement section, as well as filing and service of the charge(s), commerce facts necessary to establish Board jurisdiction, labor organization status, appropriate bargaining unit (if applicable), and any other allegations the General Counsel would ordinarily plead to establish the unfair labor practices. Thereafter, the General Counsel may file a Motion for Default Judgment with the Board on the allegations of the Complaint. The Charged Party understands and agrees that all of the allegations of the Complaint will be deemed admitted and that it will have waived its right to file an Answer to such Complaint. The only issue that the Charged Party may raise before the Board will be whether it defaulted on the terms of this Settlement Agreement. The General Counsel may seek, and the Board may impose, a full remedy for each unfair labor practice identified in the Notice to Employees. The Board may then, without necessity of trial or any other proceeding, find all allegations of the Complaint to be true and make findings of fact and conclusions of law consistent with those allegations adverse to the Charged Party on all issues raised by the pleadings. The Charged Party agrees that the Board may then issue an order providing, as elected by the Regional Director, a full remedy for the violations found as is appropriate to remedy such violations, and/or an order requiring the Charged Party to perform terms of this settlement agreement as specified by the Regional Director. The parties further agree that a U.S. Court of Appeals Judgment may be entered enforcing the Board order ex parte, after service or attempted service upon Charged Party/Respondent at the last address provided to the General Counsel.

**NOTIFICATION OF COMPLIANCE** — Each party to this Agreement will notify the Regional Director in writing what steps the Charged Party has taken to comply with the Agreement. This notification shall be given within 5 days, and again after 60 days, from the date of the approval of this Agreement. If the Charging Party does not enter into this Agreement, initial notice shall be given within 5 days after notification from the Regional Director that the Charging Party did not request review or that the General Counsel sustained the Regional Director's approval of this agreement. No further action shall be taken in the above captioned case(s) provided that the Charged Party complies with the terms and conditions of this Settlement Agreement and Notice.

Initials: __JaS__  /s/

| Charged Party<br>Power Home Solar, LLC d/b/a Pink Energy | | Charging Party<br>Local 58, International Brotherhood of Electrical Workers (IBEW), AFL-CIO | |
|---|---|---|---|
| By: Name and Title *[signature] Chapter 7 Trustee* | Date<br>1-12-2023 | By: Name and Title *[signature]* | Date<br>1-13-2023 |
| Print Name and Title below<br><br>Jimmy R. Summerlin, Jr.<br>Chapter 7 Trustee | | Print Name and Title below<br><br>LAMAR JONES<br>LOCAL 58 MEMBERSHIP AGENT | |
| Recommended By: *[signature]*<br>Patricia Fedewa<br>Field Attorney | Date<br>1-13-2023 | Approved By: *[signature]*<br>Elizabeth Kerwin<br>Regional Director, Region 7 | Date<br>1/19/23 |

Initials: JRS

(To be printed and posted on official Board notice form)

**SECTION 7 OF THE NATIONAL LABOR RELATIONS ACT, A FEDERAL LAW, GIVES YOU THE RIGHT TO:**

- Form, join, or assist a union;
- Choose a representative to bargain with us on your behalf;
- Act together with other employees for your benefit and protection;
- Choose not to engage in any of these protected activities.

**WE WILL NOT** interfere with, restrain, or coerce you in the exercise of the above rights.

**WE WILL NOT** fail and refuse to bargain with Local 58, International Brotherhood of Electrical Workers (IBEW), AFL-CIO (the Union), as the exclusive collective bargaining representative of the following unit:

> All full-time and regular part-time installers, crew leads, service team employees, electricians, electrician helpers and electrician apprentices employed by Respondent at its 56308 N. Bay Drive, Chesterfield, Michigan location, but excluding all regional project managers, assistant regional project managers, project managers, service team managers, office-clerical employees, and guards and supervisors as defined in the Act.

**WE WILL NOT** fail and refuse to respond and meet with the Union as the exclusive collective bargaining representative of our employees in the Unit at reasonable times and/or places for bargaining.

**WE WILL NOT** fail and refuse to bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of our employees in the Unit, with regard to wages, hours, rates of pay, and other terms and conditions of employment.

**WE WILL NOT** in any like or related manner fail and refuse to bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of our employees in the Unit.

**WE WILL NOT** change our attendance policy as it relates to disciplines and discharges without first bargaining with the Union.

**WE WILL NOT** change our policies regarding the required number of installations and Sunday work without first bargaining with the Union.

**WE WILL NOT** change our policy regarding the required number of installations required for crew leads to qualify for bonuses without first bargaining with the Union, and to the extent that the changes were effectuated.

Initials: JRS _____

WE WILL NOT cause your termination by reducing your wages and giving you more onerous work assignments to discourage you from supporting the Union or any other labor organization.

WE WILL NOT demote you in order to discourage you and other employees from supporting the Union or any other labor organization.

WE WILL NOT terminate you in order to discourage you and other employees from supporting the Union or any other labor organization.

WE WILL NOT unilaterally change your terms and conditions of employment without giving the Union notice and an opportunity to bargain.

WE WILL NOT fail and refuse to provide the Union with information that is relevant to their duties as your exclusive collective bargaining representative of our employees in the Unit.

WE WILL NOT fail and refuse to bargain over the effects of our decision to close our facility in Chesterfield, Michigan.

WE WILL NOT in any like or related manner interfere with your rights under Section 7 of the Act.

The Employer has filed for protection under Chapter 7 of the United States Bankruptcy Code and is being liquidated by the Bankruptcy Trustee.

WE WILL make employees Daniel Armstrong, Spencer Douglas, Christopher Gorecki, Anthony Onufrak, Tyler Prieur, and Christopher Pulawski whole for any lost wages and other benefits that they lost because we discharged them, but will do so in conformance with the distribution provisions of the United States Bankruptcy Code, subject to the availability of funds in the Bankruptcy Estate.

Following payment of the backpay awards by the Bankruptcy Estate, WE WILL file with the Regional Director for Region 7 a copy of each of Daniel Armstrong, Spencer Douglas, Christopher Gorecki, Anthony Onufrak, Tyler Prieur, and Christopher Pulawski's corresponding W-2 form reflecting the backpay award.

To the extent the discharge records are located by the Chapter 7 Trustee within the Employer's records, WE WILL remove from our files and records all references to the unlawful discharges of Daniel Armstrong, Spencer Douglas, Christopher Gorecki, Anthony Onufrak, Tyler Prieur, and Christopher Pulawski and will not use the discharges against them in any way.

**Power Home Solar, LLC d/b/a Pink Energy**
(Employer)

Dated: 1-12-2023  By: _[signature]_ Chapter 7 Trustee
(Representative)      (Title)

Initials: JRS _[signature]_

*The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. We conduct secret-ballot elections to determine whether employees want union representation and we investigate and remedy unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below or you may call the Board's toll-free number 1-844-762-NLRB (1-844-762-6572). Callers who are deaf or hard of hearing who wish to speak to an NLRB representative should send an email to relay.service@nlrb.gov. An NLRB representative will email the requestor with instructions on how to schedule a relay service call.*

Patrick V. McNamara Federal Building  
477 Michigan Avenue, Room 05-200  
Detroit, MI 48226

**Telephone:** (313)226-3200  
**Hours of Operation:** 8:15 a.m. to 4:45 p.m.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the above Regional Office's Compliance Officer.

Initials: JRS

## APPENDIX A

| Full Employee Name | Job Classification | Backpay | Interest |
|---|---|---|---|
| Amo, Brock | Installer | $3,456 | $18 |
| Armstrong, Daniel | Crew Lead | $5,734 | $30 |
| Asselin, Shane | Installer | $3,456 | $18 |
| Badamo, Joseph | Service Team | $4,532 | $24 |
| Basnaw, Jordan | Installer | $3,456 | $18 |
| Baumgart, Zachary | Installer | $3,456 | $18 |
| Beck, Austin | Installer | $3,456 | $18 |
| Caizza, Damian | Installer | $3,456 | $18 |
| Clinkscales, Brian | Installer | $3,456 | $18 |
| Czajka, Michael | Service Team | $4,532 | $24 |
| Davis, Steven | Installer | $3,456 | $18 |




Page 1

| Name | Role | | |
|---|---|---|---|
| Declodet, Justin | Installer | $3,456 | $18 |
| Dickson, George | Crew Lead | $5,734 | $30 |
| Diederich, Chad | Supervising Electrician | $5,734 | $30 |
| Douglas, Spencer | Installer | $3,456 | $18 |
| Dye, John | Installer | $4,456 | $18 |
| Enwyia, David | Electrician - Services | $5,734 | $30 |
| Filthuat, Fredrick | Electrician - Inspections | $5,734 | $30 |
| Gorecki, Chris | Crew Lead | $5,734 | $30 |
| Henandez, Christopher | Installer | $3,456 | $18 |
| Hilliker, Corbin | Crew Lead | $5,734 | $30 |
| Hoffman, Garrett | Electrician - Commercial | $5,734 | $30 |
| Hover, Robby | Installer | $3,456 | $18 |

Page 2

| Name | Role | | |
|---|---|---|---|
| Iwanski, Josh | Installer | $3,456 | $18 |
| Jackson, David | Installer - Commercial | $3,456 | $18 |
| Jiminez, Brandon | Service Team | $4,532 | $24 |
| Johnson, Erik | Installer | $3,456 | $18 |
| Konwerski, Alec | Installer | $3,456 | $18 |
| Lang, Mark | APM | $5,734 | $30 |
| Lang, Tre | Installer - Commercial | $3,456 | $18 |
| Marshall, Joseph | Installer | $3,456 | $18 |
| Mcninch, Bradley | Installer | $3,456 | $18 |
| Meram, Johnathan | Installer | $3,456 | $18 |
| Miller, Jeremy | Electrician - Helper | $5,734 | $30 |
| Minchella, Michael | Crew Lead | $5,734 | $30 |

Page 3

| Name | Role | | |
|---|---|---|---|
| Neil, Timothy | Installer | $3,456 | $18 |
| Onufrak, Anthony | Service Team | $4,532 | $24 |
| Perry, Tyler | Installer | $3,456 | $18 |
| Prieur, Tyler | Service Team | $4,532 | $24 |
| Pulawski, Christopher | Service Team | $4,532 | $24 |
| Razzak, Kamran | Installer | $3,456 | $18 |
| Reddinger, Thomas | Installer | $3,456 | $18 |
| Ritchie, Deven | Installer | $3,456 | $18 |
| Roach, Bradley | Service Team | $4,532 | $24 |
| Shibley, Jacob | APM | $5,734 | $30 |
| Shier, Rob | Crew Lead | $5,734 | $30 |
| South, Joshua | Installer - Commercial | $3,456 | $18 |

Page 4

| Name | Role | | Amount | Rate |
|---|---|---|---|---|
| Southern, Dakota | Installer | | $3,456 | $18 |
| Steele, Kyler | Installer | | $3,456 | $18 |
| Sullivan, Benjamin | Installer | | $3,456 | $18 |
| Sylvester, Grant | Installer | | $3,456 | $18 |
| Terry, Dylan | Installer | | $3,456 | $18 |
| Thompson, Brody | Installer | | $3,456 | $18 |
| Tremper, Gage | Installer | | $3,456 | $18 |
| Verbeke, Corey | Installer | | $3,456 | $18 |
| Verran, Colby | Installer | | $3,456 | $18 |
| White, Matthew | Crew Lead | | $5,734 | $30 |
| White, William | Crew Lead | | $5,734 | $30 |
| Whitney, Joshua | Installer | | $3,456 | $18 |

| Willey, Jacob | Installer | $3,456 | $18 |
|---|---|---|---|
| Youhanna, Edward | Electrician | $3,456 | $18 |
| Zihalvesky, Bret | Installer | $3,456 | $18 |