**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | |
| **POWER HOME SOLAR, LLC,** | ) | Case No. 22-50228 |
| | ) | |
| **Debtor.** | ) | JUDGE: J. Craig Whitley |

**MOTION FOR ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY**

USAA General Indemnity Company ("USAA GIC"), respectfully requests this Honorable Court grant it limited relief from the automatic stay to collect from the liability insurance policies of Debtor Power Home Solar, LLC ("PHS").

I. **BACKGROUND**

Prior to August 18, 2021, Kristen and Stephen Nightingale (the "Nightingales") contracted with PHS to select, design, install, distribute and/or sell a residential solar panel and energy system at their house located at 928 Hope Ferry Road in Lexington, South Carolina (the "Nightingale House"). On August 18, 2021, a fire occurred at the Nightingale House, which resulted in significant damage to the Nightingales' property (the "Fire"). The Fire was caused by a defective and unreasonably dangerous component of the solar panel and energy system, identified as a Generac SnapRS product, that was sold, distributed, inspected, tested and installed by PHS at the Nightingale House.

At all times relevant, USAA GIC provided property insurance coverage to the Nightingales against losses arising from certain hazards to the Nightingale House and their property. As a direct and proximate result of the damage caused by the Fire to the Nightingale House and the Nightingales' property, the Nightingales filed a property insurance claim with USAA GIC. USAA GIC, in response to this property insurance claim and in accordance with its obligations under the

applicable policy, made significant payments to the Nightingales. Therefore, to the extent of its payments for damage to covered property under the applicable insurance policy, USAA GIC is subrogated to all rights and claims the Nightingales may have against PHS and any other parties that are found to be liable for the Fire and resulting damage.

PHS is currently in Chapter 7 bankruptcy proceedings. PHS has been named in numerous lawsuits involving its negligent and deceptive practices in the sale, installation, and financing of solar panel systems that either never worked or did not work as promised.

Plaintiff USAA GIC believes that its claims will be covered by one or more adequate insurance policies that PHS had in effect at the time the negligent and wrongful conduct occurred at the Nightingale House. Upon information and belief, PHS had numerous insurance policies in effect at the time the loss occurred at the Nightingale House which, arguably, would provide coverage to Plaintiff USAA GIC as a result of PHS's negligent and wrongful conduct. Those policies include, at least, the following:

a. Peleus Insurance Company- Contractor Liability ($1,000,000);

b. Accredited Specialty Insurance Company- Cyber Liability ($5,000,000);

c. Ironshore Specialty Insurance Company- Primary General Liability ($2,000,000);

d. Ironshore Specialty Insurance Company- 1st Excess General Liability (5,000,000);

e. Sompo International- 2nd Excess General Liability ($5,000,000); and

f. Zurich- 3n1 Excess General Liability ($5,000,000).

These policies likely have no benefit to the bankruptcy estate in this matter, nor does it currently appear that that PHS would be harmed if others access the policy benefits.

## II. **RELIEF REQUESTED AND BASIS**

Plaintiff USAA GIC seeks limited relief from the automatic state in this matter pursuant to 11 U.S.C. 362(d)(l). Section 362(d)(1) of the Bankruptcy Code provides that upon a request from a party in interest the Court shall grant relief from the automatic stay "for cause." The term "for cause" is not defined in the Bankruptcy Code, but rather, must be determined on a case-by-case basis. *See Pursifell v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987).

Relief from stay is appropriate here because it is a well-established principal that liability insurance proceeds are not considered property of the estate because a typical liability policy does not bring proceeds into the estate. *In re Suncruz Casinos, LLC,* 311 B.R. 741, 749 (S.D. Fla 2007) (granting creditor's relief from stay to allow the creditor to pursue the debtor's liability insurance policy). *See also, In re Donning/on, Karcher, Ronan & Rainone, P.A.,* 194 B.R. 750, 761 (D.N.J. 1996) (citations omitted) (holding that Bankruptcy courts frequently modify the stay to permit movants to pursue claims against debtors when recovery would be against an insurance company rather than the debtor itself). PHS would not suffer any prejudice should the stay be lifted.

Accordingly, Plaintiff USAA GIC requests the stay be modified to permit it to litigate or settle its causes of action against PHS, to allow the Lexington County, South Carolina Court of Common Pleas or any other court having proper jurisdiction to conduct a trial, if necessary, and to enter a final judgment at the conclusion of a trial, solely in order to liquidate the Plaintiff's claims against PHS and to permit the Plaintiff to collect any judgment from PHS's insurance policies, or other liable parties (other than the Debtor).

## III. **CONCLUSION**

For the reasons stated above, Plaintiff USAA GIC requests that this Honorable Court enter an Order lifting the automatic stay in this matter for the sole purpose of allowing it to litigate and

potentially settle claims against PHS and collect insurance proceeds from PHS's insurance carriers, or collect from other liable parties (other than the Debtor).

Respectfully submitted, this 30th day of November, 2023.

                              FALLS LAW FIRM, PLLC

                By:   /s/ H. Lee Falls, III
                       H. Lee Falls, III, Esquire, NC Bar #36183
                       1712 Euclid Avenue
                       Charlotte, NC  28203
                       Telephone:  704-314-4845
                       Facsimile:   704-519-2522
                       lfalls@fallslawfirm.com
                       *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, I electronically filed the foregoing MOTION FOR ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all known counsel of record.

FALLS LAW FIRM, PLLC

By:  /s/ H. Lee Falls, III
     H. Lee Falls, III, Esquire, NC Bar #36183
     1712 Euclid Avenue
     Charlotte, NC  28203
     Telephone:  704-314-4845
     Facsimile:   704-519-2522
     lfalls@fallslawfirm.com
     *COUNSEL FOR PLAINTIFF*