

FILED & JUDGMENT ENTERED
Steven T. Salata

December 27 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **POWER HOME SOLAR, LLC,** | ) | **Case No. 22-50228** |
| | ) | |
| **Debtor.** | ) | **JUDGE:  J. Craig Whitley** |

### ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY

THIS MATTER came on for consideration before the undersigned United States Bankruptcy Judge upon the Motion of USAA General Indemnity Company ("USAA GIC") for an Order Granting Limited Relief from Automatic Stay, said Motion having been filed in this case on November 30, 2023. In the Motion, USAA GIC requested that this Honorable Court modify the automatic stay to allow it to proceed in the Lexington County, South Carolina Court of Common Pleas or any other court having proper jurisdiction by either amending existing pleadings to include the Debtor as a defendant, or to file new litigation and complaints with the Debtor listed as a defendant. The Motion makes clear that USAA GIC will not attempt to recover from assets in this bankruptcy estate of the Debtor but instead any recovery would be limited to insurance coverage, or recovery from defendants other than the Debtor.

The record shows that the Motion and notice of same was properly filed and served on applicable parties. The record further shows that no objection, request for hearing, or other

response to the Motion has been timely filed. The Court notes that this is a Chapter 7 case, and that the entry of judgment against the Debtor in the litigation in the Lexington County, South Carolina Court of Common Pleas or any other court having proper jurisdiction would not result in detriment to the estate of the Debtor, as any such judgment creditor would not be seeking to recover from assets in this bankruptcy estate, but instead would seek recovery from insurance coverage (to the extent available), and/or from other non-debtor defendants in the litigation.

Based upon the Motion of USAA GIC, the record in this case, the applicable law, and the lack of objection by parties in interest, this Court FINDS AND CONCLUDES that the relief requested in the MOTION FOR ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that USAA GIC is allowed to amend current pending litigation in the Lexington County, South Carolina Court of Common Pleas to add the Debtor as a defendant in those cases, with the limitation and provision that any recovery on any judgment against the Debtor in those cases would be limited to available insurance policies, and not from the assets of the bankruptcy estate. Similarly, USAA GIC is allowed to recover from non-debtor defendants in that litigation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that USAA GIC is authorized to proceed to name the Debtor as a defendant in any new litigation to be filed in the Lexington County, South Carolina Court of Common Pleas or any other court having proper jurisdiction, with the limitation and provision that any recovery on any judgment against the Debtor would be limited to available insurance coverage, and not from the assets of the bankruptcy estate. Similarly, USAA GIC is allowed to recover from non-debtor defendants in that litigation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that by the authority granted herein, and to the extent this order is necessary, USAA GIC is authorized to proceed against non-debtor defendants in the litigation in the Lexington County, South Carolina Court of Common Pleas or any other court having proper jurisdiction to recover from said non-debtor defendants, to enter into settlement agreements with those non-debtor defendants, or to otherwise resolve issues raised so long as the resolution does not affect the assets of this bankruptcy estate.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of the Motion and this Order so that the Court can interpret its own orders if such interpretation becomes necessary.

**This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.**     **United States Bankruptcy Court**