

FILED & JUDGMENT ENTERED
Steven T. Salata

March  12  2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| IN MATTER OF ) | |
| ) | |
| **POWER HOME SOLAR, LLC** (*d/b/a* ) | |
| *Pink Energy*) ) | |
| ) | **CASE NO. 22-50228** |
| **Tax ID/EIN:  30-0839854** ) | **CHAPTER 7** |
| ) | |
| **DEBTOR** ) | |

### CONSENT ORDER MODIFYING THE AUTOMATC STAY
### AND LEAVE TO PROCEED TO THE EXTENT OF INSURANCE PROCEEDS

**THIS CAUSE** coming on to be heard and being heard before the United States Bankruptcy Judge for the Western District of North Carolina upon request of Derwin Allen ("Plaintiff"), by and through his undersigned counsel, to lift the provisions of 11 U.S.C. §362 for the limited purpose of pursuing a state court cause of action against the Debtor's Insurance Companies.

And it appearing to the Court and the Court finding from the record and stipulation of counsel that:

1. On or about October 7, 2022, Debtor filed a petition with the United States Bankruptcy Court for the Western District of North Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

2. On or about March 28, 2022, Plaintiff and vehicle belonging to and operated by an employee of the Debtor were involved in a motor vehicle accident in Louisville, Kentucky.

3. Plaintiff wants to proceed against the Debtor's insurance carriers in Jefferson County, Kentucky. Plaintiff must file his action on or before March 27, 2024 due to statute of limitations considerations.

4. As a result of Debtor's filing for bankruptcy protection on October 7, 2022, Plaintiff's cause of action against the Debtor and Debtor's insurance carriers is stayed.

5. The Parties (Plaintiff, Trustee, and Debtor) are in agreement that the provisions of 11 USC § 362 should be modified so that Plaintiff may proceed with Plaintiff's cause of action against Debtor to recover available insurance policy limits for the subject Jefferson County, Kentucky motor vehicle crash.

**NOW, THEREFORE,** based upon the foregoing findings of fact and conclusions of law, and with the consent of all parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The automatic stay in Debtor's bankruptcy case is modified to allow Plaintiff to proceed up to and including, if applicable, judgment, in the state court action to be filed in Jefferson County, Kentucky, as to Debtor's insurance carriers and if Plaintiff is required by applicable state law to serve Debtor with copies of pleadings or other documents, such service will not be considered a violation of the automatic stay.

2. The sole remedy of the Plaintiff against the Debtor in the state court action shall be to recover against the Debtor's insurance carriers to the extent applicable.

3. Any claim of the Plaintiff against the bankruptcy estate of the Debtor is hereby waived and disallowed. The recovery against the Debtor is limited to the extent of available insurance proceeds.

4. If the Debtor's officers or employees are served with discovery in the state court action or if a declaratory action against the bankruptcy estate's liability carrier to determine coverage is filed, such discovery requests shall not be considered a violation of the automatic stay and Debtor's officers or employees will respond as required by Kentucky law or existing federal law where applicable. Nothing herein shall be interpreted to authorize the Plaintiff to make discovery requests of the Trustee or the Bankruptcy Estate or to require the Trustee or the Bankruptcy Estate to respond to any discovery requests without further order of this Court consistent with the principals of the *Barton* doctrine. *See Barton v. Barbour*, 104 U.S. 126, 128, 26 L.Ed. 672 (1881); *In re Circuit City Stores, Inc.*, 557 B.R. 443 (Bankr. E.D.Va. 2016); *In re Eagan Avenatti LLP*, 637 B.R. 502 (Bankr. C.D. Cal. 2022); and other relevant cases.

/s/Joseph J. Vonnegut
JOSEPH J. VONNEGUT
ATTORNEY FOR DERWIN ALLEN

NO PROTEST/NO OBJECTION

/s/Jimmy R. Summerlin, Jr.
JIMMY R. SUMMERLIN, JR.
TRUSTEE

***This Order has been signed electronically.***                    ***United States Bankruptcy Court***
***The Judge's signature and Court's seal***
***appear at the top of this Order.***