FILED & JUDGMENT ENTERED
Steven T. Salata

April 11 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| POWER HOME SOLAR, LLC ) | CASE NO.: 22-50228 |
| (d/b/a Pink Energy) ) | Chapter 7 |
| Debtor ) | |
| ) | |

**CONSENT ORDER MODIFYING THE AUTOMATIC STAY
AND LEAVE TO PROCEED TO THE EXTENT OF INSURANCE PROCEEDS**

**THIS CAUSE** coming on to be heard and being heard before the United States Bankruptcy Judge for the Western District of North Carolina upon request of Shah Moore ("Plaintiff"), through counsel, to lift the provisions of 11 U.S.C. § 362 for the limited purpose of pursuing a state court cause of action against the Debtor's insurance companies.

And it appearing to the Court and the Court finding from the record and stipulation of counsel that:

1. On or about October 7, 2022, Debtor filed a petition with the United States Bankruptcy Court for the Western District of North Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

2. On or about June 22, 2021, Plaintiff alleges he was injured when a vehicle belonging to and operated by an employee of the Debtor left the roadway and collided with him while he was walking with traffic and wearing a reflective vest on International Drive in Cabarrus County, North Carolina.

3. Plaintiff wants to pursue a North Carolina state court civil action against the Debtor's insurance carriers, including Everest National Insurance, and possibly others, in Cabarrus County, North Carolina.

4. As a result of Debtor's bankruptcy filing, Plaintiff's cause of action against the Debtor and Debtor's insurance carriers is stayed under Section 362 of the Bankruptcy Code.

5. Plaintiff and the Trustee, acting on behalf of the Estate of the Debtor, agree that the provisions of 11 USC § 362 should be modified so that Plaintiff may proceed with Plaintiff's cause of action against Debtor to recover available insurance policy limits for the incident.

**NOW, THEREFORE,** based upon the foregoing findings of fact and conclusions of law, and with the consent of all parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The automatic stay in Debtor's bankruptcy case is modified to allow Plaintiff to proceed up to and including, if applicable, judgment, in any state court

action as to Debtor's insurance carriers, including Everest National Insurance, and if Plaintiff is required by applicable state law to serve Debtor with copies of pleadings or other documents, such service will not be considered a violation of the automatic stay.

2. The sole remedy of the Plaintiff against the Debtor in the state court action shall be to recover against the Debtor's insurance carriers to the extent applicable.

3. Any claim of the Plaintiff against the bankruptcy estate of the Debtor is hereby waived and disallowed. The recovery against the Debtor is limited to the extent of available insurance proceeds.

4. If the Debtor's officers or employees are served with discovery in the state court action or if a declaratory action against the bankruptcy estate's liability carrier to determine coverage is filed, such discovery requests shall not be considered a violation of the automatic stay and Debtor's officers or employees will respond as required by North Carolina law or existing federal law where applicable. Nothing herein shall be interpreted to authorize the Plaintiff to make discovery requests of the Trustee or the Bankruptcy Estate or to require the Trustee or the Bankruptcy Estate to respond to any discovery requests without further order of this Court consistent with the principals of the *Barton* doctrine. *See Barton v. Barbour*, 104 U.S. 126, 128, 26 L.Ed. 672 (1881); *In re Circuit City Stores, Inc.*, 557 B.R. 443 (Bankr. E.D.Va. 2016); *In re Eagan Avenatti LLP*, 637 B.R. 502 (Bankr. C.D. Cal. 2022); and other relevant cases.

5. Nothing herein is intended as and shall not be deemed or construed as an admission of any liability on behalf of the Debtor or its Estate, or of any factual allegation of the Plaintiff set forth herein.

/s/ Lance P. Martin
Lance P. Martin
Ward and Smith, P.A.
Attorney for Shah Moore

NO PROTEST / NO OBJECTION

/s/ Jimmy R. Summerlin Jr.
Jimmy R. Summerlin Jr., Chapter 7 Trustee

**This Order has been signed electronically.   United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of this Order.**