UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:

**Power Home Solar, LLC**,

Debtor.

Chapter 7

Case No. 22-50228

## NOTICE OF OPPORTUNITY FOR HEARING

TAKE NOTICE that counsel for the Trustee in this case has filed an *Omnibus Motion to Approve Settlements Pursuant to Bankruptcy Rule 9019* (the "Motion"). In the Motion, the Trustee requests the Court to approve settlements with CIT, PossibleNOW, Inc., The Bancorp Bank, Zaino Hall & Farrin LLC, and Southeast Series of Lockton Companies, LLC. A copy of the Motion may be obtained from the Court's CM/ECF/PACER website, from the website link found at www.hickorylaw.com/pinkenergy, by request to the undersigned counsel for the Trustee, or from the website linked to the QR Code at the bottom of this notice.

Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve the Motion or if you want the Court to consider your views on the Motion then **on or before twenty-one (21) days from the date of this Notice**, you or your attorney must do three (3) things:

1. File with the Court a written request for a hearing at:

   U.S. Bankruptcy Court
   401 West Trade Street
   Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. On or before the date stated above for filing your written request for hearing, you must also mail, email, or fax a copy of your written request for hearing to:

| | |
|---|---|
| Jimmy R. Summerlin, Jr., Trustee<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603<br>Facsimile: (828) 324-2431 | United States Bankruptcy Administrator<br>401 W. Trade Street, Suite 2400<br>Charlotte, NC 28202<br><br>Melanie D. Johnson Raubach<br>Hamilton Stephens Steele + Martin, PLLC<br>525 North Tryon Street, Suite 1400<br>Charlotte, NC 28202 |

3. If you request a hearing, you or your attorney must attend a hearing which would be held at **1:00 p.m**. on **July 8, 2024** in Courtroom 2B, U.S. Courthouse, 401 W. Trade Street, Charlotte, NC 28202. No hearing will be held unless you request it.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the motion and may enter an order approving the motion.

Dated: June 5, 2024



4879-3135-7633, v. 1

HAMILTON STEPHENS STEELE + MARTIN, PLLC

*/s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach
NC Bar No. 41929

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:

**Power Home Solar, LLC**,

Debtor.

Chapter 7

Case No. 22-50228

## OMNIBUS MOTION TO APPROVE SETTLEMENTS
## PURSUANT TO BANKRUPTCY RULE 9019

NOW COMES, JIMMY R. SUMMERLIN, JR., in his capacity as the Chapter 7 bankruptcy trustee (the "Trustee") for the Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), by and through his undersigned counsel, moves for entry of an order (the "Motion") approving settlements with recipients of preferential transfers as shown on the attached Exhibit A ("Recipients", and together with the Trustee, the "Parties"), pursuant to Local Bankruptcy Rule 9019-1(a) and Bankruptcy Rule 9019 of the Federal Rules of Civil Procedure. In support of this Motion, the Trustee respectfully asserts the following:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.

### BACKGROUND AND PROCEDURAL HISTORY

2. On October 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the Western District of North Carolina (the "Court"). The Trustee in this proceeding has been duly appointed and is serving as the Chapter 7 Trustee.

4879-3135-7633, v. 1

3. On May 3, 2024, the Court entered an *Order Approving Motion for an Order Establishing Procedures for Settlement Agreements on Certain Preference Claims* [Doc. 680] (the "Procedures Order")[1] establishing procedures to settle preference claims in the original demand amount of $100,000 or less (the "Lesser Value Claims") so long as the settlement amount is 75% or more of the net preference claim (following reduction of the original claim amount due to the application of new value or other defenses, established in a manner satisfactory to the Trustee).

4. As established by the Procedures Order, the Trustee has agreed to settle the preference claims as set forth on <u>Exhibit A</u>, which is incorporated herein by reference.

5. The Trustee has entered into settlement agreements with each of the Recipients, which set forth the full terms of the Parties' settlements (the "Agreements).

6. Generally, the Agreements provide for the release of the Recipients in connection with the preferential transfers by the Trustee in exchange for the Recipients' payments to the Debtor's bankruptcy estate as set forth on <u>Exhibit A</u> (the "Settlement Payments").

7. The Settlement Payments shall be delivered following the Court's entry of an Order approving this Motion.

## RELIEF REQUESTED

8. Bankruptcy Rule 9019(a) states: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

9. Generally, "compromises are favored in bankruptcy." *Myers v. Martin*, 91 F.3d 389, 393 (3rd Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). In approving a settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska*

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed thereto in the Procedures Order or underlying motion.

*Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court finds that the settlement was negotiated in good faith as well as being reasonable, fair, and equitable. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

10. Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of creditors. *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

11. In the sound exercise of his business judgment, the Trustee has determined that the best interests of the bankruptcy estate and creditors are served by settling on the terms set forth herein. In reaching this conclusion, the trustee considered: (a) potential defenses, which the Recipients raised during the course of negotiations; (b) the costs and delay attendant to litigating with the Recipients; (c) the risks of litigation with the Recipients; (d) the ability to collect additional assets from the Recipients; and (e) the lack of assets to which a judgment against the Recipients in favor of the bankruptcy estate could attach.

12. The Trustee submits that the settlements proposed herein are reasonable, fair, and equitable, were negotiated at arms' length and in good faith, and yield funds that can be distributed to the creditors in this case.

## **CONCLUSION**

13. The Agreements provide a resolution of disputes between the Parties in interest to this bankruptcy case relating to the Transfers and the Demands. The terms are fair and reasonable and meet the standards required by Bankruptcy Rule 9019.

4879-3135-7633, v. 1

14. Accordingly, the Trustee requests that the Court approve the Agreements and enter an order approving the Motion.

Dated: Charlotte, North Carolina
June 5, 2024

> HAMILTON STEPHENS
> STEELE + MARTIN, PLLC
>
> */s/ Melanie D. Johnson Raubach*
> Melanie D. Johnson Raubach (Bar No. 41929)
> 525 North Tryon Street, Suite 1400
> Charlotte, NC  28202
> Telephone: (704) 344-1117
> Facsimile:  (704) 344-1483
> mraubach@lawhssm.com
>
> *Attorneys for the Estate and Jimmy R. Summerlin, Jr., in his capacity as Bankruptcy Trustee for Power Home Solar, LLC*

# EXHIBIT A

## Proposed Settlements

| Creditor Name and Address | Initial Demand Amount | Preference Exposure Following Presentation of Defenses, Established to the Satisfaction of the Trustee | Settlement Amount |
|---|---|---|---|
| CIT<br>10201 Centurion Parkway North, Suite 100<br>Jacksonville, FL 32256 | $8,453.00 | $2,245.01 | $1,691.88 |
| PossibleNOW, Inc<br>4400 River Green Parkway Suite 10<br>Duluth, GA 30096 | $9,000.00 | $6,250.00 | $4,500.00 |
| The Bancorp Bank<br>PO Box 140733<br>Orlando, FL 32814-0733 | $16,554.00 | $5,850.00 | $5,000.00 |
| Zaino Hall & Farrin LLC<br>41 South High Street, Suite 3600<br>Columbus, OH 43215 | $22,346.00 | $22,346.00 | $18,000.00 |
| Southeast Series of Lockton Companies, LLC<br>444 W 47th Street, Suite 900<br>Kansas City, MO 64112 | $65,371.96[*] | $65,371.96 | $49,028.97 |

---

[*] The amount of this preferential transfer was stated in the Debtor's schedules in a higher amount; however, upon review of the Debtor's records and accounts, the Trustee has determined that the actual amount of the transfer was as stated herein.