**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Power Home Solar, LLC** | **Case No. 22-50228** |
| **Debtor(s).** | |

### *EX PARTE* MOTION TO EMPLOY SPECIAL COUNSEL FOR THE TRUSTEE

NOW COMES Jimmy R. Summerlin, Jr., the Trustee for the estate of the above captioned Chapter 7 bankruptcy (the "Trustee"), and moves the Court enter an order authorizing the retention of OFFIT KURMAN, P.A. as special counsel for the Trustee in relation to the Debtor's pending pre-petition suit against Generac Power Systems, Inc. (and any other related claims, collectively, the "Generac Claims"), pursuant to the terms of that certain Letter Agreement concerning Engagement of Offit Kurman, P.A.; Confirmation of Contingency Fee Agreement, attached hereto as **Exhibit "A"** and incorporated herein (the "Letter Agreement").  In support thereof, the Trustee respectfully asserts the following:

1.   Applicant is the duly qualified and acting trustee in this case.

2.   To perform his duties as Trustee in this case and in particular the pursuit of the Generac Claims, the Trustee requires counsel with both the capacity and skill to represent the Estate's interest in court and/or arbitration, and related discovery and proceedings.

3.   The Trustee has conducted an ongoing review of several law firms with interest and, based on that review, has determined that the attorneys at Offit Kurman, P.A. are the best suited for retention related to the Generac Claims.

4.   Pursuant to that certain Order granting the Trustee's prior motion to approve carve-out agreement (Docket No. 232, the "Carve-Out Order"), as amended (See Motion, Docket No. 653; and Notice of Order, Docket No. 673), the Trustee agreed to seek retention of counsel for the "Named Lawsuits", which included the Generac Claims, on a contingency fee basis.

5.   The Trustee has negotiated with Offit Kurman, P.A. to accept a contingency fee along the terms set forth in the Letter Agreement.  The Trustee has also conferred with counsel for JPMorgan, as required by the Carve-Out Order, and JPMorgan has agreed with the retention of Offit Kurman, P.A.

6.   For the foregoing and all other necessary and property purposes, the Trustee desires to retain Offit Kurman, P.A. as special counsel for the Trustee pursuant to the Letter Agreement.

7.  Because Offit Kurman, P.A. specializes in, among other things, civil litigation and arbitration before the American Arbitration Association, and because of its experience in those fields, the Trustee feels that said law firm is well qualified to render the foregoing services.

8.  Based upon the Declaration attached hereto, applicant believes that said law firm and its members and associates, do not hold or represent any interest adverse to that of your applicant or the debtor estate and that said law firm is a disinterested person within the meaning of 11 U.S.C. § 101.  It is contemplated that said attorneys will seek compensation based upon the contingency fee structure set forth in the Letter Agreement, subject to the approval of this Court.

9.  The Court has power to authorize employment of Offit Kurman, P.A. pursuant to 11 U.S.C. § 327(a) which states in pertinent part:

> [T]he trustee, with the court's approval, may employ one or more attorneys or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

WHEREFORE, the Trustee prays that he be authorized to employ Offit Kurman, P.A. as special counsel for the Generac Claims pursuant to the contingency fee terms set forth in the Letter Agreement.

Dated: July 30, 2024.

YOUNG, MORPHIS, BACH & TAYLOR, LLP

/s/ Jimmy R. Summerlin, Jr
Jimmy R. Summerlin, Jr.
N.C. State Bar No. 31819
P.O. Drawer 2428
Hickory, NC 28601
Telephone:  828-322-4663
Attorneys for the Trustee



**EXHIBIT "A"**

Elliot J. Rosner, Esq.
(646) 509-2491
Elliot.Rosner@offitkurman.com

July 16, 2024

Power Home Solar, LLC
Jimmy R. Summerlin, Jr., Trustee
JimmyS@hickorylaw.com
c/o Young, Morphis, Bach & Taylor, LLP
858 2nd Street NE, Suite 200
Hickory, North Carolina 28603

   Re:    Engagement of Offit Kurman, P.A.; Confirmation of Contingency Fee Arrangement

Dear Mr. Summerlin:

   Thank you for entrusting your legal needs (in your capacity as trustee for Power Home Solar, LLC) to Offit Kurman, P.A.  The purpose of this letter is to confirm the terms of Power Home Solar, LLC's engagement of our services.  Our firm has agreed to represent Power Home Solar, LLC ("PHS") in connection with the arbitration of its claims against Generac Power Systems, Inc. before the American Arbitration Association in New York City. If you (the terms "you" or "your" hereinafter referring to you in your capacity as Trustee for PHS) desire us to provide any legal services not described in this paragraph, a separate retainer agreement will be required.

   You have agreed that we will undertake this engagement on a contingency fee basis. Unless our services are terminated prior to a recovery of damages related to your claim, the contingency fee would only be due and paid in the event you recover damages or other amounts as a result of the claim.

   Our fee will be based upon all amounts recovered on your behalf, including actual damages, punitive or exemplary damages, treble damages, interest, and attorneys' fees, but excluding any recovery of costs awarded to reimburse out-of-pocket expenses incurred in bringing your claims. Our fee will be twenty-five percent (25%) of all amounts recovered on your behalf by any settlement(s) made after the filing of the Demand for Arbitration with the American Arbitration Association ("AAA") but before the commencement of the arbitration hearing, and thirty-three and one-third percent (33.33%) of all amounts recovered on your behalf by any settlement(s) or arbitration awards obtained after the commencement of the arbitration hearing.

   In addition to any contingency fee we earn in the event of a recovery, you are responsible for out-of-pocket expenses incurred by Offit Kurman. We may advance certain out-of-pocket expenses and defer billing for them until the conclusion of this matter, in

Jimmy R. Summerlin, Jr., Trustee
July 16, 2024
Page 2

which event you agree that we may deduct and retain those amounts from any recovery, or you will pay them at the time of any recovery, in addition to the contingency fee described above.  Notwithstanding anything else contained herein, you agree to advance the filing fees charged by the AAA, as well as the fees charged by any third-party expert that we agree to retain to represent PHS in the arbitration proceedings.

Should you terminate our services without cause prior to a recovery of damages related to your claim, you will be responsible for paying Offit Kurman either: (a) on an hourly basis for all work performed prior to your termination of our services based upon the actual time spent on your account by our attorneys and other professional staff at the firm's hourly rates (with such amounts to be due and payable at the time you terminate our services irrespective of the ultimate outcome of your claim), or (b) an appropriate percentage of the contingency fee set forth herein based on the work performed by Offit Kurman and the work performed by a successor firm between the termination of services and the recovery[1].  Offit Kurman shall, at its sole discretion, select one of the two aforementioned options at or around the time of such termination without cause.  In either event, you will be responsible for reimbursing Offit Kurman for all expenses incurred on your behalf at the time of such termination.  Should Offit Kurman withdraw from representation or be terminated with cause, Offit Kurman will only be entitled to a quantum meruit award for services rendered payable upon your recovery of damages or other amounts as a result of the claim.

While we will represent you throughout the course of this arbitration matter, our representation of you in this matter pursuant to this engagement letter does not include representation of PHS in any court proceedings related to the arbitration.

By signing below you acknowledge that you have reviewed and accepted the fee arrangement described in this letter, as well as **Offit Kurman's *Terms and Conditions of Representation -*** available online at www.offitkurman.com/ContingentTerms or in hard copy at your request, which are expressly incorporated herein and updated on an annual basis (though to the extent there are any inconsistencies between such Terms and Conditions and this engagement letter, this engagement letter will control). This agreement will remain in effect for future engagements of our services unless and until it is superseded by a new written agreement.

---

[1] If you and Offit Kurman cannot agree on the amount of the "appropriate percentage," the matter shall be determined by a state or federal court located in New York City and applying the laws of the State of New York.

Jimmy R. Summerlin, Jr., Trustee
July 16, 2024
Page 3

   Our firm and its attorneys shall not be deemed to have been retained, engaged, or employed by you, unless and until this engagement letter is signed and delivered to the firm, notwithstanding any action and/or work already undertaken by this firm.

   Our firm acknowledges that the terms of this engagement and all fees and expenses payable hereunder are subject to the approval of the United States Bankruptcy Court for the Western District of North Carolina.

   On behalf of the firm, and holding aside the formality of this letter, we look forward to working with you.

         Sincerely,

         **OFFIT KURMAN, P.A.**

       By _____
         ELLIOT J. ROSNER, ESQ.

cc:  Client Engagement Dept.


Read & Accepted by:

POWER HOME SOLAR, LLC

_____   July 29,2024
By: Jimmy R. Summerlin, Jr., *Trustee*   [DATE]


***Please sign and return this letter within 5 business days of receipt and keep a copy for your records.***

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Power Home Solar, LLC** | **Case No. 22-50228** |
| **Debtor(s).** | |

**DECLARATION IN SUPPORT OF**
**MOTION TO EMPLOY SPECIAL COUNSEL FOR THE TRUSTEE**

I, the undersigned, declare under penalty of perjury as follows:

1.      I am an attorney with the law firm Offit Kurman, P.A. and am duly admitted to practice in the State of New York.

2.      Neither I, nor any partner, counsel, or associate of Offit Kurman, P.A. has a known connection to the debtor or any other party in interest to the above captioned case.

3.      Similarly, neither I, nor any partner, counsel, or associate of Offit Kurman, P.A. represents a known adverse interest to the debtor, the bankruptcy estate, or any other party in interest to the above captioned case.

4.      Insofar as I have been able to ascertain, Offit Kurman, P.A. is a disinterested person pursuant to Bankruptcy Code Sections 327, 330, and 101(14).

Dated: July 29, 2024.

 /s/ Elliot J. Rosner
Elliot J. Rosner, Esq.
N.Y. State Bar No. 4907937
Offit Kurman, P.A.
500 Madison Ave., 6th Floor
New York, NY 10022

**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Power Home Solar, LLC** | **Case No. 22-50228** |
| **Debtor(s).** | |

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the *Ex Parte Motion to Employ Special Counsel for the Trustee* and Declaration in support thereof were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case on July 30, 2024.

Dated: July 30, 2024.

YOUNG, MORPHIS, BACH & TAYLOR, LLP

/s/ Jimmy R. Summerlin, Jr
Jimmy R. Summerlin, Jr.
N.C. State Bar No. 31819
P.O. Drawer 2428
Hickory, NC 28601
Telephone:  828-322-4663
Attorneys for the Trustee