**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-50228 |

## MOTION FOR AN ORDER AUTHORIZING THE TRUSTEE TO ENTER INTO TOLLING AGREEMENTS

Jimmy R. Summerlin, Jr. in his capacity as the Chapter 7 bankruptcy trustee (the "Trustee") for the Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), hereby moves (the "Motion"), pursuant to this Court's inherent powers and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing the Trustee to enter into tolling agreements, substantially in the form attached hereto as Exhibit A (the "Tolling Agreement"), to toll statutes of limitations, including that in 11 U.S.C. § 546(a), for claims and causes of action, including avoidance actions, between the Trustee and certain of the Debtor's insiders[1] ("Insiders").

The Trustee understands that the two-year anniversary of the petition date will occur on October 7, 2024, and he appreciates the implications of that date under sections 108 and 546(a) of the Bankruptcy Code. For the reasons set forth herein, the Trustee asserts that entry into tolling agreements is the best course of action for this chapter 7 case at this time.

In further support of the Motion, the Trustee respectfully states as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1.  On October 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for

---

[1] Including those insiders as defined by 11 U.S.C. § 101(31) as well as all entities controlled by, and trusts held for the benefit of those insiders.

relief under Chapter 7 of the United States Bankruptcy Code in the Western District of North Carolina (the "Court"). The Trustee in this proceeding has been duly appointed and is serving as the Chapter 7 Trustee.

## RELIEF REQUESTED

2. By this Motion, the Trustee respectfully requests that the Court, pursuant to its inherent powers and section 105 of the Bankruptcy Code, authorize the Trustee to enter into Tolling Agreements with the Debtor's Insiders to toll the statutes of limitations, including that in 11 U.S.C. § 546(a), for claims and causes of action, including avoidance actions, among the Trustee and the Debtor's Insiders.

## ARGUMENT

3. As disclosed in the Schedules filed in this case, the estate holds significant legal claims against Generac Power Systems, Inc. and related parties (the "Generac Claims"). The Generac Claims are a substantial asset in this bankruptcy case.

4. The Trustee believes that the cooperation and involvement of certain of the Insiders will be pivotal in pursuing the Generac Claims. It would be contradictory, and potentially harmful to the success of the Generac Claims, to both need the assistance of Insiders and be adverse to them in other pending matters.

5. To the extent that the estate has recoverable claims and causes of action against the Debtor's various Insiders, the deadline for bringing certain such claims under § 546(a) is October 7, 2024.

6. The use and effectiveness of tolling agreements in bankruptcy cases is well established and specifically endorsed by the legislative history of section 546(a).[2] Courts in this

---

[2] See H.R. REP. 103-835, 49-50, 1994 U.S.C.C.A.N. 3340, 3358 ("The section is not intended to affect the validity of any tolling agreement or to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. The time limits are not intended to be jurisdictional and can be extended by stipulation between the

District, including this Court, have found the statute of limitations with respect to avoidance actions under Bankruptcy Code section 546 subject to tolling. See, e.g., In re Kaiser Gypsum Co., Inc., No. 16-31602 (JCW) (Bankr. W.D.N.C. Sept. 14, 2018) [Dkt. 1154] (the "Kaiser Order"); In re Garlock Sealing Techs., LLC, No. 10-31607 (GRH) (Bankr. W.D.N.C. June 4, 2012) [Dkt. 2281] (the "Garlock Order").[3] In both the Kaiser Order and the Garlock Order, the court found that section 546(a) of the Bankruptcy Code sets forth a statute of limitations that the parties can extend by agreement. See Kaiser Order at F ("Entry into the Tolling Agreements will preserve the Estate Claims because, among other things, section 546(a) of the Bankruptcy Code sets forth a statute of limitations and not a statue of repose and, therefore, is not jurisdictional in nature"); Garlock Order at 3 (same).

7.   Entering a tolling agreement with Insiders in this case improves the likelihood of recovery on the Generac Claims, conserves estate assets and resources, removes the immediate need for litigation that may ultimately be resolved by consent, and does so while preserving the *status quo* with respect to any alleged avoidance actions and minimizing the use of judicial resources.

8.   The Trustee, therefore, respectfully requests the Court authorize the Trustee to enter into the Tolling Agreements.

## NOTICE

9.   Consistent with the *Order Granting Motion to Establish Noticing Procedures* [Dkt. 65] (the "Noticing Procedures Order"), notice of this Motion has been provided to: (a) counsel for the Debtor; (b) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (c) the Trustee; (d) counsel for the Trustee; (e) any party directly affected by this Motion; and (f) the other parties in interest who specifically filed with

---

necessary parties to the action or proceeding.").
[3] See also In re Madeoy, 551 B.R. 172, 180 (D. Md. 2016) (finding that "[a] tolling agreement is a valid means to extend the § 546 statute of limitations.").

the Court a request that it receive all notices of such motions, applications, hearings, or orders.

**NO PRIOR REQUEST**

10. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests the Court enter an order, substantially in the form attached hereto as Exhibit B, granting (i) the relief requested in this Motion, including authorizing the Trustee to enter in the Tolling Agreements and (ii) such other and further relief as the Court finds just and proper.

Dated: Charlotte, North Carolina
September 18, 2024

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

*/s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com

YOUNG, MORPHIS, BACH & TAYLOR, LLP

*/s/ Jimmy R. Summerlin, Jr.*
Jimmy R. Summerlin, Jr. (Bar No. 31819)
P.O. Drawer 2428
Hickory, NC 28603
Telephone:  (828) 322-4663
Facsimile:   (828) 324-2431
jimmys@hickorylaw.com

*Attorneys for the Estate and Jimmy R. Summerlin, Jr., in his capacity as Bankruptcy Trustee for Power Home Solar, LLC*

**Exhibit A**

**Form of Tolling Agreement**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re<br><br>**Power Home Solar, LLC**,<br><br>    Debtor. | Chapter 7<br><br>Case No. 22-50228<br><br>**TOLLING AGREEMENT** |

    This Tolling Agreement (the "**Agreement**") is made and entered into this _____ day of _____ 2024, by and among [Insiders] (individually, an "**Insider**" and collectively, the "**Insiders**") , and Jimmy R. Summerlin, Jr., in his capacity as the Chapter 7 bankruptcy trustee (the "**Trustee**") for the Estate of Power Home Solar, LLC d/b/a Pink Energy (the "**Debtor**") (the "**Trustee**" and, with the Insiders, the "**Parties**," and each individually as a "**Party**").

    WHEREAS, on October 7, 2022, the Debtor filed the above-captioned bankruptcy proceedings (the "**Bankruptcy Cases**") in the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**");

    WHEREAS, on September _____, 2024, the Trustee filed his Motion for an Order Authorizing the Trustee to Enter Into Tolling Agreements [Docket No. __];

    WHEREAS, the Trustee desires to preserve the Estate's right to investigate, prosecute, settle or otherwise address any and all claims and causes of action, including avoidance actions, between the Trustee and the Insiders (the "**Claims**") notwithstanding the pendency and passage of October 7, 2024, the second anniversary of the Petition Date;

    WHEREAS, the Insiders are willing to toll and extend any and all Time-Based Defenses (as defined below) with respect to the Claims; and

    WHEREAS, the Parties believe and agree it is in the best interest of the Debtor's estate, all parties-in-interest, and the Court to toll the Claims.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Parties hereby agree:

1. To preserve the status quo between the Trustee and the Insiders as of August 31, 2024.

2. To toll any and all statutes of limitations or repose, and any other rule, provision, defense, or principle based on the passage of time, whether arising out of the Bankruptcy Code, at law or in equity (including, without limitation, waiver, estoppel and laches) (collectively, "**Time-Based Defenses**") with respect to the Claims from August 31, 2024 through December 31, 2025 ("**Tolling Period**").

3. That, during the Tolling Period, except upon the need to obtain emergency or expedited relief (provided, however, in such circumstance the Trustee shall provide as much notice as is reasonably practicable), the Trustee shall not file suit against any of the Insiders unless he has first given thirty (30) days' written notice to [counsel for the Insiders], via electronic mail at [email].

4. That upon expiration of the Tolling Period, the Insiders shall not assert or plead that any Estate Claim is barred or precluded by any Time-Based Defense based upon the passage of time during the Tolling Period; *provided however*, the Trustee and the Insiders agree and acknowledge that this Agreement is not intended to waive, alter or diminish the right of any Insider to assert any Time-Based Defense to the extent the Insider could have asserted same as of August 31, 2024.

5. That the tolling of the Time-Based Defenses with respect to the Claims applies, without limitation, to any and all statutes, regulations, or other rules of law, including but not limited to the provisions of the Bankruptcy Code, including, without limitation, Section 546 of the Bankruptcy Code, which limit the period in which any action may be commenced, without

regard to the basis for such Claims.

6.     That any legal proceeding against one or more of the Insiders with respect to any Claim that is commenced after expiration of the Tolling Period shall have the same effect, as far as timeliness is concerned, as if the legal proceeding was commenced within the same number of days after August 31, 2024.

7.     Nothing in this Agreement shall be construed as an admission of any liability by any Insider to the Trustee or any other person or entity. Nothing in this Agreement shall be construed as an admission of any fact by any Party or Insider in any proceeding, at law or in equity, and none of the Parties or Insiders shall contend in any proceeding at law or in equity that this Agreement is admissible or relevant as evidence for any purpose, except to the extent necessary in an action to enforce the express terms of this Agreement itself. Except for matters specifically addressed by this Agreement, the Parties and the Insiders expressly reserve all claims, rights, and defenses against and with respect to each other.

8.     Nothing in this Agreement amounts to, and nothing in this Agreement may be considered, (a) a consent by any of the Parties to jurisdiction by the Bankruptcy Court over any Claims; (b) a consent by any of the Parties to the trial of any of the Claims by the Bankruptcy Court as "core" proceedings under 11 U.S.C. 157(b)(2); (c) a waiver of any defenses that any of the Parties may have with respect to any Claim, except with respect to any Time-Based Defense as provided herein; or (d) a waiver of trial by jury that any Party may possess with respect to any Claim as to which a right of trial by jury exists. The Insiders consent to Bankruptcy Court jurisdiction solely for purposes of interpreting and enforcing this Agreement.

9.     This Agreement shall not revive any Claims, which, on or before August 31, 2024, may have been barred by any Time-Based Defense.

10.    The effectiveness of this Agreement shall be conditioned upon approval of same

by the Bankruptcy Court.

11. This Agreement shall be binding upon and inure to the benefit of each of the Parties hereto and their respective successors and assigns including any trustee or examiner appointed in the Bankruptcy Cases or any entity granted derivative standing to pursue the Claims on behalf of the Debtor.

13. This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of North Carolina, without reference to the conflicts or choice of law principles of North Carolina or of any other state.

14. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute the same instrument. A faxed or emailed signature shall be deemed an original for the purpose of this Agreement.

[SIGNATURE BLOCKS FOR THE TRUSTEE AND INSIDERS TO BE ADDED]

**Exhibit B**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-50228 |

### ORDER GRANTING MOTION OF TRUSTEE FOR AN ORDER AUTHORIZING THE TRUSTEE TO ENTER INTO TOLLING AGREEMENTS

This matter having come before the Court on the Motion of Trustee for an Order Authorizing the Trustee to Enter Into Tolling Agreements [Dkt. ___] (the "Motion"); the Court having reviewed the Motion and any objection, responses, and replies with respect thereto, finds that the relief requested by the Motion is in the best interests of the Estate and its creditors and should be approved;

    a. IT IS HEREBY ORDERED THAT[1]

    1. The Motion is **GRANTED**.

    2. The Trustee is hereby authorized to enter into Tolling Agreements in substantially the form attached as Exhibit A to the Motion.

    3. This Court retains exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation, or enforcement of this Order.

    **SO ORDERED.**

| | |
|---|---|
| *This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.* | *United States Bankruptcy Court* |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-50228 |

**NOTICE OF OPPORTUNITY FOR HEARING**

NOTICE IS HEREBY GIVEN that counsel for the Trustee in this case has filed a *Motion of Trustee for an Order Authorizing the Trustee to Enter Into Tolling Agreements* (the "Motion"). A copy of the Motion may be obtained from the Court's CM/ECF/PACER website, from the website link found at www.hickorylaw.com/pinkenergy, by request to the undersigned counsel for the Trustee, or from the website linked to the QR Code at the bottom of this notice.

Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve the Motion or if you want the Court to consider your views on the Motion then **on or before September 30, 2024**, you or your attorney must do three (3) things:

1. File with the Court a written request for a hearing at:

    U.S. Bankruptcy Court
    401 West Trade Street, Suite 2500
    Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. On or before the date stated above for filing your written request for hearing, you must also mail, email, or fax a copy of your written request for hearing to:

| | |
|---|---|
| Jimmy R. Summerlin, Jr., Trustee<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603<br>Facsimile:  (828) 324-2431 | United States Bankruptcy Administrator<br>401 W. Trade Street, Suite 2400<br>Charlotte, NC 28202<br><br>Melanie D. Johnson Raubach<br>Hamilton Stephens Steele + Martin, PLLC<br>525 North Tryon Street, Suite 1400<br>Charlotte, NC 28202 |

      3.    If you request a hearing, you or your attorney must attend a hearing which would be held at **10:30 a.m.** on **November 6, 2024**. It is anticipated that any hearing requested will be held via the Teams platform. If a hearing is requested additional information on the hearing location will be provided prior to the scheduled date. the No hearing will be held unless you request it.

      If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the motion and may enter an order approving the motion.

Dated:  September 18, 2024



HAMILTON STEPHENS STEELE + MARTIN, PLLC

 */s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach
NC Bar No. 41929

YOUNG, MORPHIS, BACH & TAYLOR, LLP

 */s/ Jimmy R. Summerlin, Jr.*
Jimmy R. Summerlin, Jr.
NC Bar No. 31819