FILED & JUDGMENT ENTERED

Christine F. Winchester

March  5  2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Paul M. Black
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **POWER HOME SOLAR, LLC**, | ) | Case No. 22-50228 (PMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Adv. Pro. No. 22-03044 |
| | ) | |
| **NICHOLAS BATES, et al. on behalf of themselves and all others similarly situated**, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **POWER HOME SOLAR, LLC d/b/a/ PINK ENERGY**, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT, (II) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVE, (III) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (IV) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (V) GRANTING RELATED RELIEF**

Upon the Joint Motion of Plaintiffs Nicholas Bates, Cody Fedder, and Sabrina

Bibicoff ("Plaintiffs"), together with Jimmy R. Summerlin, Jr., (the "Trustee") as the Trustee for

the Bankruptcy Estate of Power Home Solar, LLC, a Delaware limited liability company, d/b/a

Pink Energy (the "<u>Debtor</u>" or "<u>Defendant</u>" and together with Plaintiffs, the "Parties" or, as to

each, a "<u>Party</u>"), by and through their respective counsel, pursuant to Section 105 of the

Bankruptcy Code and Bankruptcy Rules 9019 and 7023 for the entry of an Order : (1)  approving

the *Settlement, Release and Allowance of Claim Agreement* (the "<u>Settlement Agreement</u>" or

"<u>Settlement</u>")[1] pursuant to Bankruptcy Rule 9019; (2) preliminarily approving the Settlement

Agreement pursuant to Bankruptcy Rule 7023;  (3) approving the form and manner of notice of

the Settlement to the members of the Class (the "<u>Class Notice</u>"); (4) scheduling a fairness

hearing to consider final approval of the Settlement Agreement (the "<u>Fairness Hearing</u>"); (5)

finally approving the Settlement Agreement following the fairness hearing (the "<u>Final Settlement

Order</u>"); and (6) granting related relief (the "<u>Joint Motion</u>"); and the Court having considered the

Joint Motion and any opposition thereto; and the Court having found that proper and sufficient

notice of the Joint Motion has been given and that no further notice of the Joint Motion is

required except as set forth herein; and that based on the range of possible outcomes and the cost,

delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable

and cost-effective, and preliminary approval of the Settlement Agreement is warranted and in the

best interest of the Debtor's estate;

**IT IS HEREBY ORDERED THAT:**

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] A copy of the Settlement Agreement is attached to the Joint Motion as <u>Exhibit 1</u>.  Unless
otherwise defined herein, capitalized terms have the meanings provided in the Settlement
Agreement.

3. The Settlement, as set forth in the Settlement Agreement, is preliminarily approved, subject to final approval at the Fairness Hearing.

4. The Class Notice, substantially in the form annexed as Exhibit 3[2] to the Joint Motion, (the "Class Notice"), is hereby approved.

5. Notice to the Class Members identified in Schedule A attached to the Settlement Agreement by first class mail; postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all potential Class Members in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and such mailing shall be made by Class Counsel no later than five (5) business days from entry of this Order.

6. Any Class Member who chooses to file an objection to the proposed settlement must do so according to the instructions set forth in the Class Notice, such that it is received by the intended recipients no later than the deadline set forth in the Class Notice, which shall be no later than 35 days after the date of mailing.

7. The final Fairness Hearing regarding the Settlement Agreement is scheduled to be held on May 8**, 2025 at 10:30 a.m. prevailing Eastern Time via Zoom [**URL: https://vawb-uscourts-gov.zoomgov.com/j/16106051116; Meeting ID: 161 0605 1116; Password: 0922**]**.  The

---

[2] The updated Exclusion Notice, attached hereto,  to be sent to the Excluded Employees, is also hereby approved.  Any person excluded from the Settlement (the "Excluded Parties", as defined in the Motion) and who believes he or she is entitled to damages pursuant to the WARN Act shall have a period of thirty (30) days from the entry of the Court's Final Order Approving the WARN Settlement within which to file a Proof of Claim with the Court settling forth the amount of damages claimed and the basis for such damages.  Any Proofs of Claims so filed shall be and remain subject to further review, objection, and approval of the Trustee, any party-in-interest having standing to object, and the Court.  Claims may be filed at:  https://www.ncwb.uscourts.gov/electronic-filing-proof-claim-form.  To the extent any such claims are filed and allowed, they are to be allowed against the Estate, and not against the Settlement Fund.

final Fairness Hearing may be continued from time to time by the Court without further notice

other than the announcement of the adjourned date(s) at the final Fairness Hearing or any

continued hearing.

8.     The Court shall retain jurisdiction over all matters arising pursuant to or related to

the relief granted by this Order.

This Order has been signed electronically.     United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **POWER HOME SOLAR, LLC,** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 22-50228 (PMB) |
| | ) | |
| | ) | |
| **NICHOLAS BATES, et al. on behalf of themselves and all others similarly situated**, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 22-03044 |
| | ) | |
| **POWER HOME SOLAR, LLC d/b/a/ PINK ENERGY**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## NOTICE OF EXCLUSION

If you are the addressee on this Notice, you were previously identified from available records as a potential Class member in this matter.

**However, the Chapter 7 Trustee has disputed your inclusion in the Class for one of the following reasons: i) you were an employee of the Chesterfield Facility covered by the NLRB Settlement whereby your WARN claim was released <u>or</u> ii) you were a managing principal or family member of the Debtor.**

Thus, as a result of that dispute, you are not included as a Class Member under the proposed settlement of the WARN Action and your rights, if any, will be unaffected by the proposed Settlement.

If you believe you are entitled to damages pursuant to the WARN Act, you have a period of thirty (30) days from the entry of the Court's Final Order Approving the WARN Settlement within which to file a Proof of Claim with the Court settling forth the amount of damages claimed and the basis for such damages. Any Proofs of Claims so filed shall be and remain subject to further review, objection, and approval of the Trustee, any party-in-interest having standing to object, and the Court. Claims may be filed

at: https://www.ncwb.uscourts.gov/electronic-filing-proof-claim-form. To the extent any such claims are filed and allowed, they are to be allowed against the Estate, and not against the Settlement Fund.

If you have questions about this Notice of Exclusion, you may contact Class Counsel Mary E. Olsen at (251) 415-4978 or at molsen@thegardnerfirm.com or Jimmy Summerlin, the Trustee, at (828) 322-4663 or at jimmys@hickorylaw.com.