UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>               Debtor. | Chapter 7<br><br>Case No. 22-50228 |

### <u>NOTICE OF OPPORTUNITY FOR HEARING</u>

TAKE NOTICE that counsel for the Trustee in this case has filed a *Motion to Approve Compromise and Settlement Pursuant to Bankruptcy Rule 9019* (the "Motion"). In the Motion, the Trustee requests the Court to approve a settlement with Hanwha Q CELLS America Inc. A copy of the Motion may be obtained from the Court's CM/ECF/PACER website, from the website link found at www.hickorylaw.com/pinkenergy, by request to the undersigned counsel for the Trustee, or from the website linked to the QR Code at the bottom of this notice.

Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve the Motion or if you want the Court to consider your views on the Motion then **on or before twenty-one (21) days from the date of this Notice**, you or your attorney must do three (3) things:

    1.    File with the Court a written request for a hearing at:

    U.S. Bankruptcy Court
    401 West Trade Street, Suite 2500
    Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

    2.    On or before the date stated above for filing your written request for hearing, you must also mail, email, or fax a copy of your written request for hearing to:

| | |
|---|---|
| Jimmy R. Summerlin, Jr., Trustee<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603<br>Facsimile: (828) 324-2431 | United States Bankruptcy Administrator<br>401 W. Trade Street, Suite 2400<br>Charlotte, NC 28202<br><br>Melanie D. Johnson Raubach<br>Hamilton Stephens Steele + Martin, PLLC<br>525 North Tryon Street, Suite 1400<br>Charlotte, NC 28202 |

1

4905-2520-8464, v. 1

3.      If you request a hearing, you or your attorney must attend a hearing which would be held at **10:30 a.m. on May 5, 2026** by video conference through Zoom for Government.  No hearing will be held unless you request it.

If held, the PLEASE TAKE FURTHER NOTICE that the link to join the Zoom for Government video hearing will be:

> URL: https://vawb-uscourts-gov.zoomgov.com/j/16106051116
> The Meeting ID is: 161 0605 1116 and the password is: 0922.

If any interested party needs assistance connecting to Zoom for Government, contact Judge Black's Courtroom Deputy, Catherine James, at (540) 795-6318.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the motion and may enter an order approving the motion.

Dated:  March 13, 2026



HAMILTON STEPHENS
STEELE + MARTIN, PLLC

 */s/ Melanie D. Johnson Raubach*
 Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com

*Attorneys for the Estate and Jimmy R. Summerlin, Jr., in his capacity as Bankruptcy Trustee for Power Home Solar, LLC*

2

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**Power Home Solar, LLC**,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-50228 |

## MOTION TO APPROVE SETTLEMENT
## PURSUANT TO BANKRUPTCY RULE 9019

NOW COMES, JIMMY R. SUMMERLIN, JR., in his capacity as the Chapter 7 bankruptcy trustee (the "Trustee") for the Estate of Power Home Solar, LLC d/b/a Pink Energy (the "Debtor"), by and through his undersigned counsel moves for entry of an order approving the settlement with Hanwha Q CELLS America Inc. ("Q CELLS" or "Recipient", and with the Trustee, the "Parties"), attached as **Exhibit A** to this Motion (the "Agreement"), pursuant to Local Bankruptcy Rule 9019-1(a) and Bankruptcy Rule 9019 of the Federal Rules of Civil Procedure.[1]  In support of this Motion, the Trustee respectfully asserts the following:

### JURISDICTION AND VENUE

1.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.

### BACKGROUND AND PROCEDURAL HISTORY

2.      On October 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the Western District of North

---

[1] All capitalized terms used in this Motion shall have the same meaning ascribed to them in the Settlement Agreement and Release.  To the extent any terms in the Motion are inconsistent with the Settlement Agreement and Release, the Settlement Agreement and Release shall control.

1

4905-2520-8464, v. 1

Carolina (the "Court"). The Trustee in this proceeding has been duly appointed and is serving as the Chapter 7 Trustee.

3.      As set forth in the Settlement Agreement, the Trustee initially identified transfers from the Debtor to the Recipient of Transfers received during the Preference Period in an aggregate amount of One Million Eight Hundred Ninety-Five Thousand Four Hundred Twenty-Four and 00/100 Dollars ($1,895,424.00)

4.      On October 3, 2024, counsel for the Trustee filed a complaint (the "Complaint")  in connection with the Transfers in the Bankruptcy Court for the Western District Court of North Carolina, captioned *Jimmy R. Summerlin, Jr., in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy v. Hanwha Q CELLS America Inc.* (Adversary Proceeding No. 24-03060) (the "Lawsuit").

5.      The Lawsuit alleges that after application of defenses known to the Trustee, the net avoidable transfers received by the Recipient total Eight Hundred Fifty-Seven Thousand, Eighty-Eight and 00/100 Dollars ($857,088.00) (the "Transfers").

6.      The Recipient asserted the defenses and arguments set forth in the Settlement Agreement, including, but not limited to, arguments that the Transfers were made in the subjective and objective ordinary course of business and that the Transfers were unavoidable due to the Recipient's security interest in the goods delivered to Debtor.

7.      The Parties have engaged in pre-discovery disclosure, the result of which has provided the Trustee with additional information concerning the Transfers and collectability of any judgment in the case to which the Trustee did not previously have access.

2

8. Upon an evaluation of the Recipient's arguments and representations, materials evidencing the Transfers, and materials supporting the Recipient's defenses, the Trustee submits that the settlement proposed is in the best interest of the estate.

## SETTLEMENT TERMS

9. The Agreement sets out the terms of the Parties' settlement in full.

10. Generally, the Agreement provides for the release of the Recipient by Trustee in exchange for the Recipient's payment of Four Hundred Thousand and 00/100 Dollars ($400,000.00) to the Debtor's bankruptcy estate (the "Settlement Payment").

11. The Settlement Payment shall be delivered within thirty (30) days of the Court's entry of an Order approving this settlement and the Order becomes a final order.

## RELIEF REQUESTED

12. Bankruptcy Rule 9019(a) states: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

13. Generally, "compromises are favored in bankruptcy." *Myers v. Martin*, 91 F.3d 389, 393 (3rd Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). In approving a settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court finds that the settlement was negotiated in good faith as well as being reasonable, fair, and equitable. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

14. Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation

3

4905-2520-8464, v. 1

involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of creditors. *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

15.     In the sound exercise of his business judgment, the Trustee has determined that the best interests of the bankruptcy estate and creditors are served by settling on the terms set forth above.   In reaching this conclusion, the trustee considered: (a) potential defenses, which the Recipient raised during the course of negotiation; (b) the costs and delay attendant to litigating with Recipient; (c) the risks of litigation with Recipient; (d) the ability to collect additional assets from Recipient; and (e) the lack of assets to which a judgment against the Recipient in favor of the bankruptcy estate could attach.

16.     Trustee engaged in multiple rounds of negotiations with Recipient to resolve the demand.

17.     The Trustee submits that the settlement proposed herein is reasonable, fair, and equitable, was negotiated at arms' length and in good faith, and yields funds that can be distributed to the creditors in this case.

## **CONCLUSION**

18.     The Agreement provides a resolution of disputes between the Parties in interest to this bankruptcy case relating to the Transfers and the Demand.   The terms are fair and reasonable and meet the standards required by Bankruptcy Rule 9019.

19.     Accordingly, the Trustee requests that the Court approve the Agreement and enter an order approving the Motion.

*[Signature appears on the following page]*

Dated: Charlotte, North Carolina
       March 13, 2026

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

/s/ Melanie D. Johnson Raubach
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com

*Attorneys for the Estate and Jimmy R. Summerlin, Jr., in his capacity as Bankruptcy Trustee for Power Home Solar, LLC*

5

## EXHIBIT A

**Settlement Agreement**

1

4905-2520-8464, v. 1

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:

**Power Home Solar, LLC**,

Debtor.

Chapter 7

Case No. 22-50228

**SETTLEMENT AGREEMENT**

**THE TERMS OF THIS AGREEMENT ARE SUBJECT TO THE APPROVAL OF THE
UNITED STATES BANKRUPTCY COURT FOLLOWING APPLICABLE NOTICE AND
HEARING REQUIREMENTS. SUBJECT TO SUCH APPROVAL THE PARTIES
AGREE AS HEREIN SET FORTH.**

This Settlement Agreement (this "Agreement") is made and entered into, to be effective
upon the entry of an Order by the United States Bankruptcy Court approving the terms hereof, by
and between Hanwha Q CELLS America Inc. (the "Recipient") and Jimmy R. Summerlin, Jr., in
his capacity as Chapter 7 bankruptcy trustee (the "Trustee") for the estate (the "Estate") of Power
Home Solar, LLC d/b/a Pink Energy (the "Debtor").  Hereinafter, the Recipient and the Trustee
are referred to as the "Parties".

**WHEREAS**, on October 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition
for relief under Chapter 7 of the United States Bankruptcy Code in the Western District of North
Carolina, Bankruptcy Case No. 22-50228; and

**WHEREAS**, the Trustee in this proceeding has been duly appointed and is serving as the
Chapter 7 Trustee; and

**WHEREAS**, prior to the Petition Date, the Debtor was engaged in the business of selling
and installing solar panels; and

**WHEREAS**, on or within ninety (90) days prior to the Petition Date (the "Preference
Period"), the Debtor made certain transfers by check, wire transfer, or its equivalent, including
transfers to the Recipient herein; and

**WHEREAS**, the Trustee initially identified transfers from the Debtor to the Recipient in
an aggregate amount of $1,895,424.00 during the Preference Period (the "Claimed Transfers");
and

**WHEREAS**, by orders of this Court entered in this a chapter 7 case, the Trustee has the
authority to pursue and prosecute certain avoidance actions; and

1

**WHEREAS**, counsel for the Trustee sent a demand letter to Q CELLS seeking to avoid the Claimed Transfers pursuant to Section 547 of the Bankruptcy Code (the "Demand"); and

**WHEREAS**, on October 3, 2024, counsel for the Trustee filed a complaint (the "Complaint") with respect to certain of the Claimed Transfers in the Bankruptcy Court for the Western District Court of North Carolina, captioned *Jimmy R. Summerlin, Jr., in his capacity as Chapter 7 bankruptcy trustee for the Estate of Power Home Solar, LLC d/b/a Pink Energy v. Hanwha Q CELLS America Inc.* (Adversary Proceeding No. 24-03060) (the "Lawsuit"); and

**WHEREAS**, the Lawsuit alleges that after application of defenses known to the Trustee, the "Alleged Avoidable Transfers" total $857,088.00; and

**WHEREAS**, on October 10, 2024, copies of the Complaint and the Summons issued in connection therewith were deposited for delivery to Q CELLS, Inc. and were actually received on October 16, 2024; and

**WHEREAS**, the Recipient asserted various defenses to the avoidance of the Alleged Avoidable Transfers, which include allegations that the Alleged Avoidable Transfers were made in the subjective and objective ordinary course of business and that the Alleged Avoidable Transfers were unavoidable due to the Recipient's security interest in the goods delivered to Debtor; and

**WHEREAS**, considering the risks and costs for both Parties involved in litigation and the defenses raised or alleged by the Recipient, the Parties hereto have agreed to their mutual satisfaction to resolve the matter in accordance with the terms of this Agreement rather than litigate the factual and legal issues related to the Alleged Avoidable Transfers.

**NOW, THEREFORE**, for certain good and valuable consideration as further described herein, and in consideration of the foregoing, and in consideration of the mutual covenants and promises hereinafter set forth, the receipt, adequacy and sufficiency of which is hereby acknowledged, it is hereby agreed by the Parties as follows:

1.      Upon execution of this Agreement, the Trustee shall file a motion for approval of this Agreement with the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2.      Within thirty (30) days of the date of an order entered by the Bankruptcy Court approving this Agreement, the Recipient shall pay the sum of Four Hundred Thousand and 00/100 Dollars ($400,000.00) (the "Settlement Amount") to "Jimmy R. Summerlin, Jr., Trustee" for the benefit of the Debtor's estate.  The Settlement Amount shall be mailed to:

4930-5883-0224, v. 2

*If by regular mail*

Young, Morphis, Bach & Taylor, LLP
Attn: Jimmy Summerlin
Post Office Drawer 2428
Hickory, North Carolina 28603

*If by FedEx / UPS:*

Young, Morphis, Bach & Taylor, LLP
Attn: Jimmy Summerlin
First Lawyers Building at North Park
858 2nd Street NE, Suite 200
Hickory, NC 28601

3.      **Release from the Estate**.  Effective upon (i) an order approving this Agreement becoming a final, non-appealable order and (ii) timely receipt of the Settlement Amount, the Trustee, on behalf of the Debtor and the Estate, hereby releases and forever discharges the Recipient, its respective officers, employees, agents, attorneys, successors and assigns from any and all claims, demands, actions, causes of action, suits, rights, controversies, liabilities, obligations, and damages (including, but not limited to, costs and attorneys' fees) of any kind arising from the Alleged Avoidable Transfers, the Demand, and/or the Lawsuit.

4.      **Release from the Recipient**.  Effective immediately upon an order approving this Agreement becoming a final, non-appealable order, the Recipient, its attorneys, affiliates, insurers, owners, agents, employees, representatives, successors, and assigns, whether past or present, releases, acquits, and forever discharges the Trustee, the Estate, and each of their, as applicable, attorneys, insurers, owners, agents, employees, representatives, successors, and assigns, whether past or present, of and from any and all claims, demands, actions, causes of action, suits, rights, controversies, liabilities, obligations, and damages (including, but not limited to, costs and attorneys' fees) of any kind arising from the Alleged Avoidable Transfers, the Demand, and/or the Lawsuit.

5.      Notwithstanding the releases in these paragraphs, the Parties do not release each other from their obligations under this Agreement.

6.      Each of the Parties represents and warrants:

    a.    that it is represented by counsel of its own choosing in entering into the Agreement;

    b.    that it has the full legal right, power, and authority to execute the Agreement;

4930-5883-0224, v. 2

c.  that the execution, delivery, and performance of the Agreement and the stipulations and terms herein are binding upon it;

d.  that it has read the above and foregoing Agreement; and

e.  that it is not relying on any representations of the other party or their counsel.

7.  The Parties shall execute any additional documents that may be reasonably required to complete the settlement as contemplated by this Agreement and/or effectuate the terms of this Agreement.

8.  This Agreement shall not be construed as an admission of any liability by either of the Parties.

9.  This Agreement is governed by and shall be construed in accordance with the laws of the State of North Carolina.

10.  This Agreement has been reviewed by counsel for the Parties. Accordingly, the Agreement shall be deemed to have been jointly drafted by the Parties for the purposes of applying any rule of contract construction.

11.  This Agreement shall be binding upon and inure to the benefit of the respective Parties hereto and their respective successors, assigns, heirs, and devisees, if any.

12.  This Agreement embodies, merges, and integrates, supersedes, and replaces all prior and current agreements and understandings of the Parties. No oral understandings, statements, promises, or inducements contrary to the terms of the Agreement exist. The Agreement cannot be changed or terminated orally.

13.  Except as specifically set forth herein, each party shall be responsible for its own attorney's fees and costs.

14.  The statements and representations contained herein are considered contractual in nature and not merely recitations of fact.

15.  This Agreement may be executed in counterparts, the combination of which, when fully executed and delivered by all Parties, shall constitute one and the same complete agreement. Facsimile, photostatic, digital, and other reproductions of the original signatures hereto shall be deemed as originals and binding for all purposes.

16.  The Bankruptcy Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Agreement.

4930-5883-0224, v. 2

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement through their duly authorized representative on the dates hereinafter subscribed.

**Hanwha Q CELLS America Inc.**

Digitally signed by
Howard Hwal Noh
Date: 2026.03.06 08:46:28
-08'00'

**By:** ___Hwal Noh_____

**Title:** __CFO_____

**Date:** ___3/6/26_____

**Jimmy R. Summerlin, Jr., Chapter 7
Trustee for the Estate of Power Home
Solar, LLC d/b/a Pink Energy**

**Date:** ____3/6/2026_____

5